UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
RENATA MARSKA,                                    :
                                                  :    SUPPLEMENTAL
                    Plaintiff,                    :    FINDINGS OF FACT
                                                  :    AND CONCLUSIONS
      -against-                                   :    OF LAW
                                                  :
MIECZYSLAW KALICKI; DOROTA                        :    06-CV-1237
KALICKI; AND HOSPITAL RECEIVABLES                 :    (Kuntz, J.)
SYSTEMS, INC.,                                    :
                                                  :
                    Defendants.                   :
-----------------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge**

### INTRODUCTION

By letter dated January 27, 2014, Plaintiff requested that the "Court provide an explanation as to how the Court reached its decision" to dismiss Plaintiff's Complaint. (Dkt. No. 144, Letter from Plaintiff to Judge Kuntz (Jan. 27, 2014).). This Supplemental Findings of Fact and Conclusion of Law Memorandum Opinion sets forth that explanation as to how and why this Court reached its decision in this family dispute over inherited property in Poland that consumed more than seven years of judicial resources, time, and energy to adjudicate. This Court dismissed Plaintiff's Complaint by summary order on December 18, 2013. While Plaintiff filed a Notice of Appeal on January 21, 2014, this Supplemental Opinion setting forth the Court's Findings of Fact and Conclusions of Law is offered to eliminate any question as to both how and why this Court reached its decision.

This Court granted summary judgment pursuant to the requirements of The Fair Credit Reporting Act, 15 U.S.C.A. § 1681, et seq., ("FCRA"), which, at the time Plaintiff's credit report was accessed, provided a two year statute of limitations. Plaintiff failed to assert her claims within that two-year time period. The Plaintiff's FCRA claims were dismissed because they were time-barred. Period.

### I. FACTUAL BACKGROUND

In 1983, Plaintiff Renata Marska and Defendant Mieczyslaw Kalicki ("Kalicki") were left title by their deceased mother as joint tenants with co-equal interest to a piece of real property located in Poland (the "Premises"). (Dkt. No. 136, Plaintiff's Affidavit in Opposition to

Summary Judgment ("Marska Aff."), ¶ 3 (July 7, 2013)). Plaintiff lived in the Premises until 1990, when she immigrated to the United States. (Marska Aff. ¶ 4). In 2000, Kalicki initiated a partition action in Poland against Plaintiff with the aim of vesting complete title in the Premises to himself. (*Id.* at ¶ 5.) The Polish proceedings required the parties to demonstrate their financial condition to the court and, in March 2003, Plaintiff and Kalicki appeared before the Polish Consulate in New York to testify about their finances. (*Id.* at ¶¶ 6-7.)

By Plaintiff's own admission, Defendant Dorota Kalicki ("Dorothy")—Plaintiff's sister-in-law and Kalicki's wife—used her employee access at Defendant Hospital Receivable Systems, Inc. ("HRS") to access Plaintiff's credit report *on March 13, 2003*. (*Id.* at ¶ 30; *see also* Dkt. No. 131, Defs.' Joint Statement of Material Facts ("JSMF") ¶¶ 22-28.) In May 2003, Kalicki submitted a copy of Plaintiff's credit report with a "falsified translation" of the report without Plaintiff's knowledge or permission.[1] (Marska Aff. ¶ 8.) The report provided by Kalicki allegedly presented a damaging and false picture of Plaintiff's finances. (*Id.* at ¶ 9.)

Plaintiff did not learn about the credit report submitted by Kalicki until, at the latest, January 2004. (*Id.* at ¶ 11.) However, Plaintiff claims that, at that time, she was not aware that Dorothy worked at HRS nor that she had the ability to obtain credit reports. (*Id.*) On January 17, 2004, Plaintiff submitted a letter to the Polish court refuting the credit report Kalicki had submitted. (*Id.* at ¶ 12.) Nonetheless, the Polish court found in favor of Kalicki, vested full ownership of the property with him, and ordered that he compensate Plaintiff for her half of the Premises. (*Id.* at ¶ 15.) Kalicki's victory was a pyrrhic one though, as he did not have the

---

[1] On a motion for summary judgment, all factual ambiguities and permissible inferences must be drawn in favor of the party against whom summary judgment is sought. *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004).

financial resources to buy out Plaintiff and an executor was forced to hold a public auction of the Premises to generate funds to compensate Plaintiff. (*Id.* at ¶ 16.) Plaintiff was finally paid for her share of the property in 2013, by which point the value of the Premises had depreciated. (*Id.* at ¶ 17.)

Plaintiff alleges that she did not inquire with HRS about the credit report until December 2005. (*Id.* at ¶ 19.) Plaintiff's attorney received a letter from HRS on January 3, 2006, explaining that Dorothy was an HRS employee and had accessed Plaintiff's credit report as an employee of HRS. (*Id.* at ¶ 20.) According to Plaintiff, it was at this time that she was first aware that Dorothy, her sister-in-law, worked at HRS and had obtained her credit report. (*Id.* at ¶ 21-23.) Plaintiff brought this lawsuit in federal court on March 16, 2006. (*Id.* at ¶ 26.)

## II. PROCEDURAL HISTORY

This case has a long and tortured procedural history. *See* Court Ex. 1, Docket Report: *Marska v. Kalicki*, 06-CV-1237. Below, in Section IV, the Court traces the highlights of this agonizing litigation and memorializes Plaintiff and her attorneys' egregious conduct throughout seven years before three Article III judges and one magistrate judge of this Court.

For purposes of the Court's decision, the following procedural facts are relevant. Plaintiff commenced this action on March 17, 2006 alleging violations of the FCRA.[2] (Dkt. No. 1, Complaint ("Compl.") (Mar. 17, 2006).) Defendant HRS filed its Answer and Cross-Claim on August 8, 2006. (Dkt. No. 2, HRS Answer and First Cross-Claim (Aug. 8, 2006).) Defendants Kalicki and Dorothy ("the Kalicki Defendants") filed their Answers on September 22, 2006. (Dkt. No. 6, Kalicki Defendants' Answer to Complaint and First Cross-Claim (Sept. 22, 2006).) On March 26, 2010, the Honorable Roslynn R. Mauskopf denied Plaintiff's motion for leave to

---

[2] Count Two of the Complaint alleges negligent supervision against HRS in violation of 15 U.S.C. § 1681o, not state law. (Dkt. No. 136, Pl.'s Rule 56.1 Statement ("PCS"), ¶ 49 (July 3, 2013).)

amend her complaint for failure to comply with the Initial Scheduling Order and the proposed causes of action's inability to survive a motion to dismiss. (Dkt. No. 57, Memorandum & Order at 6-7 (Mar. 26, 2010).)

On December 14, 2011, this Court gave the parties leave to brief the statute of limitations issue. However, Defendants failed to comply with the Court's rules and did not file the requisite Rule 56.1 statement nor did they cite any record evidence in their five-page memorandum of law. (Dkt. No. 116, Memorandum and Order (Mar. 21, 2012).) The Court denied Defendants' summary judgment motion without prejudice. (*Id.*)

In February 2013, the Defendants sought leave to renew their motion for summary judgment. The Defendants filed their motion on April 19, 2013 and the issue was fully briefed on August 8, 2013. (Dkt. No. 139, Letter to Judge with courtesy copy of Motion Papers (Aug. 8, 2013).) The Court granted the motion for summary judgment and dismissed Plaintiff's case on December 18, 2013 via summary order. On January 9, 2014, the Clerk of the Court entered the Order dismissing the Complaint in its entirety. (Dkt. No. 142, Amended Clerk's Judgment (Jan. 9, 2014).) Plaintiff subsequently submitted a letter requesting that the "Court provide an explanation as to how the Court reached its decision." (Dkt. No. 144, *supra*) Six days later Plaintiff filed a Notice of Appeal and this matter is now before the United States Court of Appeals for the Second Circuit. (Dkt. No. 145, Notice of Appeal (Jan. 27, 2014).)

### III. ANALYSIS

#### *Summary Judgment*

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The role of the court is not to resolve disputed issues of fact but to assess

whether there are any factual issues to be tried. In determining whether summary judgment is appropriate, this Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.,* 653 F.3d 156, 164 (2d Cir. 2011) (internal citations and quotation marks omitted). No genuine issue of material fact exists "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Lovejoy–Wilson v. NOCO Motor Fuel, Inc.,* 263 F.3d 208, 212 (2d Cir. 2001) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

Here, the only fact that matters for the purposes of determining whether Defendants' statute of limitations argument should prevail is the date upon which Defendants accessed Plaintiff's credit report. No party contests that Defendant Dorothy Kalicki, through her employment at HRS, accessed Plaintiff's credit report on March 13, 2003. (Marska Aff. ¶ 30; *see also* JSMF ¶¶ 22-28.) As will be explained below, this is the only date that matters under the FCRA statute of limitations provision in place in 2003. The parties' disagreement as to what Plaintiff knew and when are wholly irrelevant and therefore do not constitute "material facts" under Fed. R. Civ. P. 56(a). As there is no dispute concerning the sole material fact, the first prong of the summary judgment test is satisfied and the Court now considers whether the Defendants are entitled to judgment as a matter of law.

### *The Fair Credit Reporting Act's Statute of Limitations*

In 2003, the Fair Credit Reporting Act read:

> An action to enforce any liability created under [the Act] may be brought ... within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under [the Act] to be disclosed to an individual and the information so

> misrepresented is material to the establishment of the defendant's liability to that individual under [the Act], the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

15 U.S.C. § 1681p (2003).[3]   According to the Complaint, Defendants' liability arose when Dorothy Kalicki accessed Plaintiff's credit report, the date Defendants allegedly: (1) *failed to* certify the purpose of obtaining the report, 15 U.S.C. § 1681(f); (2) *obtained* the report without a permissible purpose, 15 U.S.C. § 1681(f); (3) *obtained* information from a reporting agency under false pretenses, 15 U.S.C. § 1681q; and (4) *negligently* maintained and secured their credit inquiry systems, 15 U.S.C. § 1681o. (Compl. ¶¶ 18, 21-23; PCS ¶ 49.) All of the operative acts in these allegations occurred, undisputedly, on March 13, 2003.   (Marska Aff. ¶ 30; *see also* JSMF ¶¶ 22-28.) Plaintiff was therefore required to bring all of her claims within two years, or by March 13, 2005. *See* 15 U.S.C. § 1681p (2003). Plaintiff, however, did not initiate this action until March 17, 2006, (*see* Compl.), at which point her FCRA claims were time-barred.

Plaintiff advances an unavailing argument in an attempt to bring her time-barred claim within an exception to the FCRA's clear limitations. Plaintiff argues that there is a material issue as to when she became aware of the alleged violations and when she knew of Dorothy's employment at HRS and ability to obtain credit reports. (Marska Aff. ¶¶ 27, 34.) Plaintiff

---

[3] The Fair and Accurate Credit Transactions Act of 2003 changed the FCRA's statute of limitations provision to include a new "discovery" provision that tolls the statute of limitations based on a plaintiff's knowledge of an FCRA violation. 15 U.S.C. §1681p (2012) (tolling FCRA causes of action until "2 years after the discovery by the plaintiff of the violation that is the basis for such liability"). However, this provision did not come into effect until March 31, 2004. 12 C.F.R. § 222.1(c)(2)(ii). In changing the law, Congress did not include any retroactivity language in its revision of the FCRA's statute of limitations provision. *See Enter. Mortg. Acceptance Co., LLC, Sec. Litig. v. Enter. Mortg. Acceptance Co.*, 391 F.3d 401, 405 (2d Cir. 2004) (holding that retroactive effect can only be found when Congress uses "statutory language that was so clear it could sustain only one interpretation"). Furthermore, both parties here agree that the earlier version of the statute controls. (PCS ¶ 51.) Accordingly, as the relevant conduct—the allegedly illegal accessing of Plaintiff's credit report—occurred under the prior version of the law, the pre-amendment version of the statute governs this case. *See Enter. Mortg. Acceptance Co.*, 391 F.3d at 408-411 (discussing harms of retroactively applying changes to statute of limitations).

stylizes her position as invoking the "discovery exception" to the FCRA. (Pl.'s Br. at 4.) Plaintiff argues that the clock for the statute of limitations did not begin to run until she discovered the violations and material circumstances surrounding Defendants' allegedly illegal accessing of her credit report. (*Id.*) The Supreme Court, however, explicitly addressed this question under the then-operative version of the FCRA and held that "a discovery rule does not govern § 1681p. That [statute] explicitly delineates the exceptional case in which discovery triggers the two-year limitation. We are not at liberty to make Congress' explicit exception the general rule as well." *TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001). Therefore, Plaintiff cannot avail herself of a general "discovery exception" based on her assertions as to when she became aware of the alleged violations.

The only potential tolling exception available to Plaintiff is the FCRA's express provision that "where a defendant has materially and willfully misrepresented any ***information required under [the Act] to be disclosed*** to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under [the Act], the action may be brought at any time within two years after discovery by the individual of the misrepresentation." 15 U.S.C. § 1681p (2003) (emphasis added). When a complaint fails to allege a misrepresentation of information required to be disclosed to the plaintiff under the FCRA, the statutory exception is not triggered. *TRW*, 534 U.S. at 22. Here, Plaintiff has not identified any information that any Defendant was statutorily required to disclose under the FCRA. Without this linchpin requirement, there is no further analysis necessary regarding a potential tolling of the statute of limitations.[4] *Id.; see also Mercado v. Playa Realty Corp.*, 03-

---

[4] "Although *pro se* litigants are afforded some latitude in meeting the rules governing litigation," the Court is only required under Fed. R. Civ. P. 56(c) to consider "cited materials," and will not consider an issue that Plaintiff neither raised nor asserted in her papers. *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998).

CV-3427, 2005 WL 1594306, at *11 (E.D.N.Y. July 7, 2005) (Orenstein, M.J.); *Saraiva v. Citigroup, Inc.,* 01-CV-3298, 2002 WL 227070, *3 (S.D.N.Y. Feb.13, 2002) (McKenna, J.).

Plaintiff's only affirmative attempt to identify a required disclosure was a citation to 15 U.S.C. § 1681g[5] in Plaintiff's Counter Statement of Material Facts ("PCS"). (Dkt. No. 136, Pl.'s Rule 56.1 Statement, ¶ 20 (July 3, 2013).) There, in response to Defendants' statement that "HRS was not required by law to disclose credit reports to any individuals or other entities," Plaintiff responded that she disputes the statement as a conclusion of law and referred the Court to 15 U.S.C. § 1681g. (PCS at ¶ 20.) Section 1681g deals with consumer reporting agencies and mandates only certain disclosures upon request. As HRS is not a consumer reporting agency[6] and no requests for disclosures have been alleged, HRS is not subject to the disclosure requirements of §1681g.

Ultimately, Plaintiff has failed to identify any relevant provision in the FCRA requiring these Defendants to make statutory disclosures.[7] "Users" of credit reports, which both HRS and the Kalicki Defendants were, are not required to disclose to a consumer (*i.e.* Plaintiff) that a report was obtained or the contents of the report. *See, e.g., Mercado,* 2005 WL 1594306, at *11

---

[5] While Plaintiff's Counter Statement of Material Facts refers to "15 U.S.C. § 1581g," there is no § 1581 in Title 15 of the United States Code. The Court joins the Defendants in interpreting Plaintiff's response as a citation to 15 U.S.C. § 1681g—an existing provision of the FCRA. (Defs.' Joint Reply Memo of Law at 6.)

[6] A consumer reporting agency is defined in the FCRA as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports for third parties, and which uses any means of facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f). HRS did not engage in any of the business functions the statute describes for consumer reporting agencies, (*see* JSMF Ex. B), and therefore is not subject to the disclosure mandates for consumer reporting agencies under the FCRA.

[7] Plaintiff's citation to *Andrews v. Equifax Info. Servs., LLC,* 700 F. Supp. 2d 1276 (W.D. Wash. 2010), is not persuasive here. That case discussed and analyzed the later version of the FCRA with the new tolling provision.

(finding there is no general requirement that a "user" of credit reports must make any disclosure to a consumer). If there is no required FCRA disclosure, the statutory tolling provision is not triggered and a plaintiff must bring her claim within the default two-year statute of limitations. *TRW*, 534 U.S. at 22; *Mercado*, 2005 WL 1594306, at *11; *Saraiva*, 2002 WL 227070, at *3; *see also Wilson v. Porter, Wright, Morris & Arthur,* 921 F. Supp. 758, 761 (S.D. Fla. 1995).

### *Equitable Tolling*

Plaintiff asks Court to invoke the doctrine of equitable tolling to allow her otherwise time-barred claim to proceed. Plaintiff cites the change in the FCRA's statute of limitations as a basis for invoking the doctrine of equitable tolling. *See supra* n.2. Although Plaintiff ignores the *TRW* opinion in her brief, that decision nonetheless forecloses her request for the Court to apply equitable tolling here. The equitable tolling requested by Plaintiff is indistinguishable from inserting a general discovery rule into the FRCA. Not only would an application of equitable tolling render the express statutory language superfluous, but it would supplant the explicit intent of Congress with a judge-made doctrine. *See TRW*, 534 U.S. at 31 ("[W]e read Congress' codification of one judge-made doctrine not as a license to imply others, but rather as an intentional rejection of those it did not codify."). In short, invoking the doctrine of equitable tolling would be wholly inappropriate in these circumstances.

As discussed above, Plaintiff failed to bring her claim within two years of the allegedly unlawful accessing of her credit report as required by the FCRA. Therefore, Plaintiff's claims under the FCRA are time-barred and the Defendants' motion for summary judgment is granted in its entirety.

## IV. RECORD OF THE LITIGATION

Despite having a time-barred claim, Plaintiff and her various counsel have demonstrated a lack of respect for the workings of this Court and the judicial system during the course of this litigation. The following events encapsulate the poor conduct displayed by Plaintiff and her counsel throughout this tortured litigation:

- Plaintiff's original counsel informed the Court that he was contemplating a motion to be relieved from counsel. (Dkt. No. 22, Minute Entry for Proceedings Before Magistrate Judge A. Kathleen Tomlinson (Feb. 27, 2008).) Plaintiff's counsel then attempted to file a letter to withdraw as counsel in lieu of a formal motion. Magistrate Judge Tomlinson denied the letter motion as improper. (Electronic Order Denying Motion to Withdraw as Attorney (Mar. 14, 2008).)

- Plaintiff's counsel filed a Motion to Withdraw as Attorney on April 11, 2008 and Plaintiff sent a subsequent letter to the Court requesting an update on the status on the motion to withdraw. (Dkt. No. 25, Motion to Withdraw as Attorney for Plaintiff (April, 11, 2008)); (Dkt. No. 27, Letter to Judge Tomlinson from Plaintiff (June 27, 2008)). In response, Magistrate Judge Tomlinson issued an order informing parties that the issue was still under consideration by the Court and that the parties would be notified once a determination was made. (Electronic Order (June 30, 2008).)

- The parties and all counsel were instructed to attend a hearing on Dec. 3, 2008 at which time the motion to withdraw as counsel was granted. (Dkt. No. 29, Minute Entry for Proceedings Before Magistrate Judge A. Kathleen Tomlinson (Dec. 5, 2008).)

- Plaintiff then requested additional time to find new counsel because of delays incurred in obtaining her file from prior counsel. (Dkt. No. 30, Order (Feb. 24, 2009).)

- Once Plaintiff obtained new counsel, that attorney, Ms. Jaqueline Hollander, requested an adjournment of the first status conference she was scheduled to participate in. (Dkt. No. 32, Scheduling Order (Mar. 17, 2009).)

- At this Conference, Plaintiff's counsel notified the Court that she was "still missing some documents from the case." The Court instructed her that they were available on ECF. Plaintiff's counsel requested leave to add causes of action to the Complaint, even though the time for leave to amend had expired some time earlier. The Court instructed Plaintiff's counsel that she would have to proceed by motion practice to obtain leave to amend the Complaint. Lastly, Plaintiff was instructed to respond to all outstanding discovery requests. (Dkt. No. 34, Minute Entry for Proceedings Before Magistrate Judge A. Kathleen Tomlinson (Apr. 15, 2009).)

- Despite Magistrate Judge Tomlinson's clear instructions that the Complaint could only be amended by leave obtained via motion practice, Plaintiff attempted to file an amended Complaint in violation of the Case Management and Scheduling Order. The Court ordered the clerk to Strike the Complaint as "improper at this juncture." (Dkt. No. 38, Order (April 23, 2009).)

- The Declaration of Plaintiff's counsel in the attempted amended Complaint stated that counsel had "personal knowledge" of the facts and would competently testify if called as a witness. This declaration triggered the Kalicki Defendants to file a Motion to Disqualify Counsel for Plaintiff as she represented that she could be a fact witness in the matter. (Dkt. No. 39, Letter Motion to Disqualify Counsel for Plaintiff (April 24, 2009).) The motion was denied as an improper letter brief. (Order Denying Motion to Disqualify Counsel (April 29, 2009).)

- On July 30, 2009, Sanford Kutner was added as an attorney to be noticed for Plaintiff. (Dkt. No. 50, Notice of Appearance (July 30, 2009).)

- In response to Plaintiff's failure to comply with discovery requests, the Kalicki Defendants filed a letter motion seeking sanctions. Defendants explained how, despite the Court's assistance during in-person conferences—explaining to Plaintiff, line-by-line, how Plaintiff's discovery responses were insufficient—Plaintiff still failed to comply with the discovery requests and the Court's instructions. (Dkt. No. 54, Letter Motion for Discovery Failure by Plaintiff to Comply (Sept. 11, 2009).)

- In March 2010, Judge Mauskopf denied Plaintiff's motion for leave to amend the Complaint, discussed *supra*. (Dkt. No. 57, Order (March 26, 2010).)

- Approximately two months after Magistrate Judge Tomlinson set the Final Case Management and Scheduling Order, Plaintiff again sought a motion for extension of time to complete discovery despite the clear dictates of the Order. (Dkt. No. 60, Motion for Extension of Time to Complete Discovery (Sept. 23, 2010).) Magistrate Judge Tomlinson denied the request for an extension.

- On December 14, 2010, Defendant HRS notified the Court of continued difficulties encountered in having Plaintiff produce a document found within another document. Magistrate Judge Tomlinson ordered Plaintiff to respond to the allegations in HRS's letter by close of business of Dec. 16, 2010. (Dkt. No. 68, Order (Dec. 15, 2010).)

- Magistrate Judge Tomlinson's ECF entry from Dec. 16, 2010 reads as follows: "Plaintiff's counsel contacted my Chambers this afternoon and stated that she was working on responding to my previous Order [DE 68]. She inquired as to what time she needs to submit a response in order for it to be considered timely filed by the 'close of

business.'  Plaintiff's counsel was instructed that she could file her response by 6:00 p.m. today and that it would not be accepted if filed after 6:00 p.m."

- On February 9, 2011, Plaintiff was ordered to respond with a three-page letter to issues raised by Defendants in a request for a pre-motion conference.  Plaintiff failed to respond to the Court's Order and on February 24, Magistrate Judge Tomlinson re-ordered Plaintiff to reply by close of business the following day or else "[t]he Court will consider imposing sanctions should Plaintiff fail to comply with this Order."  (Order (Feb. 24, 2011).)

- In a letter filed by Plaintiff the next day, counsel failed to address any substantive arguments made in Defendants' letters, but instead stated that she had arranged a conference with opposing counsel, would not make excuses, and "time is better utilized by complying with any outstanding issues" rather than attributing fault for why the deadline was missed.  (Dkt. No. 75, Letter (Feb. 25, 2011).)

- On Feb. 28, 2011, Judge Mauskopf issued an Order to Show Cause in Writing as to "why sanctions, including but not limited to a finding of contempt, should not be imposed on Plaintiff for failure to comply with this Court's electronic Orders."  (Dkt. No. 76, Order to Show Cause (Feb. 28, 2011).)  Plaintiff responded to the order on March 2, 2011.

- On March 28, 2011, Magistrate Judge Tomlinson issued an Order to Show Cause to both Plaintiff and her counsel as to "why the Court should not recommend to Judge Mauskopf that this action be dismissed based upon the failure to appear for the March 24, 2011 status conference, the failure to comply with the February 4, 2011 Civil Conference Minute Order, and the ongoing failure to participate in discovery and comply with the Orders of this Court."  Further, the Court ordered Plaintiff's counsel to "show cause why

this Court should not sanction her and recommend to Judge Mauskopf that she should be held in contempt for her failure to follow the Orders of this Court." (Dkt. No. 82, Order to Show Cause (Mar. 28, 2011).)

- In response to this Order to Show Cause, Plaintiff filed a motion to adjourn the conference and Plaintiff's counsel represented that she intended to withdraw as Plaintiff's counsel. (Dkt. No. 83, Motion to Adjourn Conference (April 27, 2011).) This motion was denied by Magistrate Judge Tomlinson. (Order (April 27, 2011).)

- Plaintiff's counsel then sought a Motion to Intervene with Judge Mauskopf to overrule Magistrate Judge Tomlinson's denial of the motion to adjourn. (Dkt. No. 84, Motion to Intervene (April 27, 2011).)

- At the hearing that followed, only Plaintiff's counsel attended and Magistrate Judge Tomlinson "spent a significant amount of time [] reviewing the record of this case with Attorney Hollander and discussing her myriad failures to follow even the simplest of Court directives." The Court additionally probed Plaintiff's counsel as to why she had failed to notify her client of the Show Cause hearing. In the end, the Court determined that sanctions were warranted against Plaintiff's attorney and contempt was still under consideration. Plaintiff's counsel reiterated that she intended to withdraw as counsel and added that communications between she and her client had broken down. (Dkt. No. 85, Minute Entry for Proceedings Before Magistrate Judge A. Kathleen Tomlinson (April 29, 2011).)

- Plaintiff's counsel filed her motion to withdraw as counsel on May 26, 2011. (Dkt. No. 87, Motion to Withdraw as Attorney (May 26, 2011).)

- In response, the Court informed the attorney that she must attend the Show Cause Hearing scheduled for May 31, 2011 despite her motion.  (Order (May 27, 2011).)  At the hearing, Magistrate Judge Tomlinson reserved her decision on sanctions and ordered that Plaintiff provide certain documents from the Polish litigation to Defendants.  (Dkt. No. 89, Minute Entry for Proceedings Before Magistrate Judge A. Kathleen Tomlinson (June 2, 2011).)

- Plaintiff's attorney failed to appear for a conference before Magistrate Judge Tomlinson on July 8, 2011 and was ordered to provide the Court with a response as to why she failed to participate as directed.  (Dkt. No. 97, Minute Entry for Proceedings Before Magistrate Judge A. Kathleen Tomlinson (July 8, 2011).)

- In response, Plaintiff's counsel stated that she did not attend the hearing because of an "oversight, mostly due to [her] lessened involvement in the case."  Additionally, counsel stated that her "involvement in that meeting would be no more of that of a non-participant at this juncture and therefore there was no harm done to the case, although not the best reflection."  (Dkt. No. 99, Letter by Plaintiff Attorney (July 12, 2011).)

- In response, Magistrate Judge Tomlinson stated in a summary order: "The Court has received the letter of Plaintiff's counsel, Jacqueline Hollander, regarding her non-appearance at the July 9 conference. Despite Ms. Hollander's 'lessened involvement' in the case, she remains counsel of record and the Court expects Ms. Hollander to abide by her professional obligations." (Order (July 13, 2011).)

- On November 7, 2011, the case was transferred from Judge Mauskopft to this Court.

- At the first conference before this Court, the Court set a briefing schedule for a motion to dismiss the complaint. (Minute Entry for Proceedings Before Judge William F. Kuntz, II (Dec. 14, 2011).)

- On March 1, 2012, Plaintiff's counsel requested an extension of 21 days to reply to the motion because she had "inadvertently docketed the answer due a week later than February 21st deadline, and additionally there have been numerous conflicts and differences regarding the plaintiff herself, that the court and opposing counsel are well aware." (Dkt. No. 107, Motion for Extension of Time to File Response/Reply (Mar. 1, 2012).) The Court denied the request for extension of time and ordered the parties to file a Proposed Joint Stipulation and Order regarding the request on ECF. (Order (Mar. 7, 2012).)

- In early March 2012, Plaintiff personally attempted an *ex parte* communication with the Court via letter. In response, her counsel submitted the following letter:

  > "I am in receipt of Ms. Marska's ex parte communication with the Court. As the record shows Ms. Marska has been a contentious client. There have been numerous conflicts that made it necessary to request withdrawal as counsel. Having this issue as a contraindicated problem, communication with Ms. Marska was near impossible. In addition, it appears that communications or advice has been directed by Ms. Marska first to another counsel. This practice compounds the usual attorney client relationship, and directly affects my basis for a continuance to respond to Defendants' Motion for Summary Judgment.

  > Even more serious, is that Ms. Marska has a direct link to opposing counsel. The latest ex parte letter from Ms. Marska referencing Mr. Mehari's email is a direct violation of my confidentiality and ability to communicate with Ms. Marska. I cannot comprehend how a communication from one attorney to another can be so compromised. There should *never* be direct or indirect communication by an attorney to an individual represented by counsel.

  > For the benefit of Ms. Marska, my request of deactivation as attorney of record obviously needs to be granted. There are tangential issues which cannot be discussed without exposing and violating Ms. Marska's privilege. Of course, I will be able [to] provide that information in camera. Taking Ms. Marska's

interest as the primary motivation, I respectfully request this Honorable Court grant my motion to withdraw as counsel." (Dkt. No. 113, Letter by Renata Marska (Hollander, Jacqueline) (Mar. 13, 2012).)

- In Defendant HRS's responsive letter, counsel informed the Court that they had attempted to negotiate regarding an extension for Plaintiff's motion to dismiss. Defendants requested that Plaintiff drop her claims for attorney's fees and punitive damages in exchange for the extension. However, Defendants pressed Plaintiff's attorney as to whether she had the authority to negotiate away these claims under the current circumstances. HRS noted that it was concerned that any such agreement would later be disputed by Plaintiff. (Dkt. No. 114, Letter by Hospital Receivables Systems, Inc. (Mar. 14, 2012).)

- Plaintiff's counsel's responsive and final letter summarily stated: "Summary Judgment cannot be granted when there is such a serious and blatant breach of attorney ethics on behalf of Defendant." (Dkt. No. 115, Letter by Renata Marska (Hollander, Jacqueline) (Mar. 16, 2012).)

- This Court dismissed the motion for summary judgment without prejudice as Defendants failed to file the requisite Rule 56.1 statement and their memorandum of law failed to cite any record evidence. "Because Defendants failed to follow local rules and submitted woefully inadequate motion papers, the motion for summary judgment fail[ed]." (Dkt. No. 116, Memorandum and Order (Mar. 21, 2012).)

- On the same day, this Court granted Jacqueline Hollander's motion to be dismissed as Plaintiff's counsel. (Dkt. No. 117, Order (Mar. 21, 2012).)

- Plaintiff sought the Court's guidance as to how to proceed without an attorney and complained that Ms. Hollander failed to provide materials from the case file and

deposition transcripts. (Dkt. No. 119, Letter from Renata Marska (Apr. 30, 2012).) In response, the Court gave Plaintiff five weeks to obtain new counsel.

- Plaintiff sought to have the Court deny Defendants a pre-motion conference for leave to re-file their summary judgment motions, which had been dismissed without prejudice. Plaintiff also accused Defendants of requesting a further deposition of Plaintiff because she was now unrepresented. Plaintiff concluded that she was ready to have a pre-trial conference and set a trial date. (Dkt. No. 121, Letter dated 1/31/13 by Renata Marska (Feb. 20, 2013).)

- At a pre-motion conference on February 15, 2013, Plaintiff appeared *pro se*. A briefing schedule was set for a motion for summary judgment. (Minute Entry for Proceedings Before Judge William F. Kuntz, II (Feb. 15, 2013).)

- Plaintiff requested an extension of time to file her response to the summary judgment motions filed by Defendants, which the Court subsequently granted. (Dkt. No. 126, Letter Motion for Extension of Time to File Response/Reply (June 20, 2013).)

- While the fully submitted Motions for Summary Judgment were pending, Defendant HRS wrote to the Court explaining that the parties had participated in mediation. Defendant claimed to have made a good faith offer to settle, but Plaintiff—and the attorney present with her at the mediation, her daughter—did not accept the offer. Furthermore, Plaintiff did not wish to make a good faith settlement demand nor did she otherwise continue to negotiate. Defendants therefore withdrew the offer. (Dkt. No. 140, Letter by Hospital Receivables Systems, Inc. (Dec. 18, 2013).)

## V. CONCLUSION

Plaintiff's Complaint was dismissed in its entirety by summary order on December 18, 2013 as Plaintiff's claims under the FCRA were time-barred pursuant to 15 U.S.C. §1681p as it existed at the time of the relevant conduct.

**SO ORDERED**

s/WFK

HON. WILLIAM F. KUNTZ, II

Dated: Brooklyn, New York
        February 27, 2014

# Court Exhibit 1

APPEAL

## U.S. District Court
## Eastern District of New York (Central Islip)
## CIVIL DOCKET FOR CASE #: 2:06-cv-01237-WFK-AKT
### *Internal Use Only*

Marska v. Kalicki et al
Assigned to: Judge William F. Kuntz, II
Referred to: Magistrate Judge A. Kathleen Tomlinson
Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 03/17/2006
Date Terminated: 12/18/2013
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Renata Marska**

represented by **Renata Marska**
5 Highland View Drive
Bayville, NY 11709
(347) 721-6898
PRO SE

**Jacqueline Kate Hollander**
Law Offices of Jacqueline Hollander, P.C.
300 East 34th Street
Suite 28J
New York, NY 10016
(917)771-5618
Fax: (877)573-7219
Email: jackieso@gmail.com
*TERMINATED: 03/21/2012*
*ATTORNEY TO BE NOTICED*

**Jeffrey Benjamin**
Law Office of Jeffrey Benjamin
104-08 Roosevelt Ave
Second Floor
Corona, NY 11368
718-505-1111
Fax: 718-505-1444
Email: jbenjamin@nyfraudlaw.com
*TERMINATED: 03/17/2009*

**Sanford Kutner**
The Law Firm of Sanford A. Kutner
6 Tara Place
Metairie, LA 70002
(504)717-1130
Fax: 866-613-6209
Email: civilrightslaw@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Mieczysław Kalicki**

represented by **Joshua S. Ketover**
Kirk Medina Lipton &Ketover LLP
1225 Franklin Avenue
Suite 335
Garden City, NY 11530
516-877-2000
Fax: 516-877-2586
Email: jketover@ketoverlaw.com
*ATTORNEY TO BE NOTICED*

Michael G. Mehary
Curtis, Vasile, Devine &McElhenny
Merrick Professional Centre
2174 Hewlett Avneue
P.O. Box 801
Merrick, NY 11566
(516) 623−1111
Fax: 516−623−0758
Email: mmehary@cvdm.com

**Defendant**

**Dorota Kalicki**                        represented by   **Joshua S. Ketover**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Michael G. Mehary**
                                                          (See above for address)

**Defendant**

**Hospital Receivables Systems, Inc.**    represented by   **Michael G. Mehary**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Eric Alan Schnittman**
                                                          Bruce A. Lawrence, Esq.
                                                          15 MetroTech Center, 19th Floor
                                                          Brooklyn, NY 11201
                                                          718−625−8940
                                                          Fax: 866−247−3203
                                                          Email: eschnittman@onebeacon.com
                                                          *TERMINATED: 11/12/2010*
                                                          *ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Hospital Receivables Systems, Inc.**    represented by   **Eric Alan Schnittman**
                                                          (See above for address)
                                                          *TERMINATED: 11/12/2010*
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Mieczyslaw Kalicki**

**Cross Defendant**

**Dorota Kalicki**

**Cross Claimant**

**Mieczyslaw Kalicki**

**Cross Claimant**

**Dorota Kalicki**

V.

**Cross Defendant**

**Hospital Receivables Systems, Inc.**     represented by  **Eric Alan Schnittman**
                                                            (See above for address)
                                                            *TERMINATED: 11/12/2010*
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/17/2006 | 1 | COMPLAINT against Mieczyslaw Kalicki, Dorota Kalicki, Hospital Receivables Systems, Inc. $ 250, filed by Renata Marska. (Attachments: # 1 Civil Cover Sheet)(Bowens, Priscilla) (Entered: 03/20/2006) |
| 03/17/2006 |  | Summons Issued as to Mieczyslaw Kalicki, Dorota Kalicki, Hospital Receivables Systems, Inc.. (Bowens, Priscilla) (Entered: 03/20/2006) |
| 08/02/2006 | 2 | ANSWER to Complaint, First CROSSCLAIM against Mieczyslaw Kalicki, Dorota Kalicki by Hospital Receivables Systems, Inc..(Schnittman, Eric) (Entered: 08/02/2006) |
| 08/02/2006 | 3 | DISCLOSURE of Interested Parties by Hospital Receivables Systems, Inc., Hospital Receivables Systems, Inc..(Schnittman, Eric) (Entered: 08/02/2006) |
| 08/02/2006 | 4 | AFFIDAVIT of Service for Answer &Cross–Claim served on Jeffrey Benjamin, P.C.; and Medina &Ketover, LLP on 7/31/06, filed by Hospital Receivables Systems, Inc., Hospital Receivables Systems, Inc.. (Schnittman, Eric) (Entered: 08/02/2006) |
| 08/02/2006 | 5 | AFFIDAVIT of Service for FRCP 7.1 Statement served on Jeffrey Benjamin, P.C. and Medina &Ketover, LLP on 7/31/06, filed by Hospital Receivables Systems, Inc., Hospital Receivables Systems, Inc.. (Schnittman, Eric) (Entered: 08/02/2006) |
| 09/22/2006 | 6 | ANSWER to Complaint, CROSSCLAIM against Hospital Receivables Systems, Inc. by Mieczyslaw Kalicki, Dorota Kalicki, Mieczyslaw Kalicki, Dorota Kalicki. (Attachments: # 1 Affidavit Certifcate of Service# 2 Affidavit Certificate of Service)(Ketover, Joshua) (Entered: 09/22/2006) |
| 09/27/2006 | 7 | SCHEDULING ORDER: Initial conference set for November 9, 2006. No later than two (2) business days before the discovery planning conference, the parties must submit, by means of electronic filing on the court's ECF (Electronic Case Filing) system, a joint proposed discovery plan. SEE ATTACHED ORDER. Ordered by Judge A. Kathleen Tomlinson on 9/27/06. (Cass, Luke) (Entered: 09/27/2006) |
| 10/30/2006 | 8 | Letter MOTION to Adjourn Conference by Hospital Receivables Systems, Inc., Hospital Receivables Systems, Inc., Hospital Receivables Systems, Inc.. (Schnittman, Eric) (Entered: 10/30/2006) |
| 10/31/2006 |  | ELECTRONIC ORDER granting 8 Motion to Adjourn Conference. Based on the representations made in Defendant's letter, the motion to adjourn the November 9, 2006 initial conference is GRANTED. The initial conference is rescheduled to November 17, 2006, at 11 a.m. Ordered by Judge A. Kathleen Tomlinson on 10/31/06. (Cass, Luke) (Entered: 10/31/2006) |
| 10/31/2006 | 9 | Letter MOTION to Adjourn Conference by all plaintiffs. (Benjamin, Jeffrey) (Entered: 10/31/2006) |
| 11/15/2006 |  | ELECTRONIC ORDER granting 9 Motion to Adjourn Conference. Based on the representations made in Plaintiff counsel's letter [DE 9], the initial conference scheduled for November 17, 2006 is hereby rescheduled to December 4, 2006 at 11:30 a.m. Ordered by Judge A. Kathleen Tomlinson on 11/15/06. (Cass, Luke) (Entered: 11/15/2006) |
| 12/01/2006 | 10 | Proposed Scheduling Order *on consent* by Renata Marska. (Benjamin, Jeffrey) (Entered: 12/01/2006) |
| 12/05/2006 | 11 | Minute Entry for proceedings held before A. Kathleen Tomlinson: Initial Conference Hearing held on 12/4/2006. SCHEDULING: A status conference will be held on April 30, 2007. THE FOLLOWING RULINGS WERE MADE:The parties met for a Rule 26(f) conference and I am adopting the joint discovery plan |

| | | |
|---|---|---|
| | | submitted by them with a few minor changes. A Case Management and Scheduling Order will be entered separately. Initial disclosures have been exchanged by all parties. Plaintiff's counsel states that he may use an expert with respect the property in Poland referred to in paragraph 7 of the Complaint. I urged Plaintiff's counsel to begin addressing this issue immediately given the potential for delay which may be occasioned by the location of the property in Poland. SEE ATTACHED ORDER. Ordered by Judge A. Kathleen Tomlinson on 12/4/06. (Cass, Luke) (Entered: 12/05/2006) |
| 12/05/2006 | 12 | SCHEDULING ORDER: Deadline for completion of initial disclosures required by Rule 26(a): December 4, 2006; First request for production of documents and first request for interrogatories due by: January 8, 2007; Deadline for joinder of additional parties and amendment of pleadings: April 4, 2007; Status Conference: April 30, 2007; All discovery, including production of all expert reports, if any, to be completed by: July 30, 2007; Dispositive motion process started by: August 13, 2007; Joint pretrial order due by: August 27, 2007; Pretrial Conference: September 3, 2007. SEE ATTACHED ORDER. Ordered by Judge A. Kathleen Tomlinson on 12/4/06. (Cass, Luke) (Entered: 12/05/2006) |
| 04/26/2007 | 13 | Letter MOTION to Adjourn Conference *Status* by all parties. (Benjamin, Jeffrey) (Entered: 04/26/2007) |
| 04/27/2007 | | ELECTRONIC ORDER granting 13 Motion to Adjourn Conference. Based on the representations made in the Plaintiff's April 26, 2007 letter DE 13 , the motion to adjourn the April 30, 2007 status conference is GRANTED. The status conference is rescheduled to June 5, 2007 at 11 a.m. Ordered by Judge A. Kathleen Tomlinson on 4/27/07. (Cass, Luke) (Entered: 04/27/2007) |
| 05/25/2007 | | ELECTRONIC ORDER. Due to a scheduling conflict, the pre−trial conference scheduled for September 3, 2007 is adjourned to September 17, 2007 at 11:00 a.m Ordered by Judge A. Kathleen Tomlinson on 5/25/07. (Cass, Luke) (Entered: 05/25/2007) |
| 06/07/2007 | 14 | Second MOTION to Adjourn Conference by all plaintiffs. (Benjamin, Jeffrey) (Entered: 06/07/2007) |
| 06/11/2007 | | ELECTRONIC ORDER granting 14 Motion to Adjourn Conference. Based on the representations made in the Plaintiff's June 7, 2007 letter DE 14 , the status conference is rescheduled to June 28, 2007 at 9:30 a.m. Ordered by Judge A. Kathleen Tomlinson on 6/11/07. (Cass, Luke) (Entered: 06/11/2007) |
| 06/27/2007 | 15 | Letter MOTION for Hearing *by Telephone* by all plaintiffs. (Benjamin, Jeffrey) (Entered: 06/27/2007) |
| 06/27/2007 | | ORDER granting 15 Motion. At the request of the parties, the Status Conference scheduled for June 28, 2007, will be conducted telephonically. The parties are advised that the conference is scheduled for 9:30 a.m. and not 10:30 a.m. as set forth in the motion. Counsel for Plaintiff shall initiate the call. Ordered by Judge A. Kathleen Tomlinson on 6/27/07. (Jacobwitz, Beth) (Entered: 06/27/2007) |
| 08/14/2007 | 16 | Minute Entry for proceedings held before A. Kathleen Tomlinson : Telephone Conference held on 6/28/2007. SCHEDULING: The next conference will be held on August 15, 2007 at 11:30 a.m. in Courtroom 910. THE FOLLOWING RULINGS WERE MADE: 1. Plaintiff's counsel advises that discovery has been slowed in light of the fact that information related to Plaintiff's proof of damages is contained within a litigation pending in Poland involving real estate there. It is anticipated that since the court in Poland recently appointed an appraiser, that information as well as the attorneys' fees set in that case will help to set and fix the damages in this case. Counsel for Plaintiff indicates that he has provided Defendants with the few documents that Plaintiff has in her possession and has attempted to respond to discovery demands on that basis as well. 2. I am directing that a certified translation of the Polish documents be completed by July 31, 2007. The parties' agreement as to payment is set forth in the attached Order. 3. At the August 15 in−person conference, the parties are directed to prepare a list of witnesses to be deposed and to exchange that list with all counsel of record in advance of the conference. SEE ATTACHED ORDER FOR ADDITIONAL RULINGS AND INFORMATION. Ordered by Judge A. Kathleen Tomlinson. |

| | | |
|---|---|---|
| | | (Tomlinson, A.) (Entered: 08/14/2007) |
| 08/27/2007 | 17 | Minute Entry for proceedings held before A. Kathleen Tomlinson : Status Conference held on 8/15/2007. THE FOLLOWING RULINGS WERE MADE: 1. The parties were scheduled to report back to me at today's conference on the anticipated resolution of the matter pending in the Polish court which is impacting the damages issue in this case. I have directed Plaintiff's counsel to contact Plaintiffs attorney in the proceeding pending in Poland and to provide me with a written status report on that action within the next thirty (30) days. 2.Plaintiff's attorney wishes to proceed with depositions of the Defendants. Counsel for Defendants Mieczyslaw Kalicki and Dorota Kalicki objects to depositions of his clients until the Polish proceedings are concluded for the reasons stated in the record today. I have directed the parties to confer pursuant to Local Civil Rule 37.3 to attempt to resolve this matter. If they are unable to do so after complying with Rule 37.3, counsel for the Kalickis may file a letter motion for a protective order. SEE ATTACHED ORDER FOR ADDITIONAL INFORMATION. Ordered by Judge A. Kathleen Tomlinson on 8/15/07. (Tomlinson, A.) (Entered: 08/27/2007) |
| 09/05/2007 | 18 | Letter MOTION for Protective Order by Mieczyslaw Kalicki, Dorota Kalicki. (Ketover, Joshua) (Entered: 09/05/2007) |
| 09/10/2007 | 19 | RESPONSE in Opposition re 18 Letter MOTION for Protective Order *and Pltf's Status Report* filed by all plaintiffs. (Attachments: # 1 Exhibit A: First Translation# 2 Exhibit B: Certified Translation# 3 Exhibit C: Translated Attachments# 4 Exhibit D: Cert of Accuracy# 5 Exhibit E: Cert of Identical) (Benjamin, Jeffrey) (Entered: 09/10/2007) |
| 09/12/2007 | | ELECTRONIC ORDER re 18 Letter MOTION for Protective Order filed by Dorota Kalicki, Mieczyslaw Kalicki and 19 . The September 17, 2007 pretrial conference will be held in abeyance pending a determination of Defendants' September 5, 2007 letter motion seeking a protective order DE 18 . A new date for the Pretrial conference will be issued in an Amended Case Management and Scheduling Order following my forthcoming decision. Ordered by Judge A. Kathleen Tomlinson on 9/12/07. (Cass, Luke) (Entered: 09/12/2007) |
| 12/19/2007 | | Judge Roslynn R. Mauskopf added. Judge Nicholas G. Garaufis no longer assigned to case. (Vaughn, Terry) (Entered: 12/19/2007) |
| 01/11/2008 | | SCHEDULING ORDER: A status conference will be held on January 25, 2008 at 4:00 p.m. in Courtroom 910. The parties should be prepared to discuss the status of this case, including the status of the proceedings before the Polish court, the Plaintiff's calculation of monetary damages sought, and the parties' settlement discussions, if any. Ordered by Magistrate Judge A. Kathleen Tomlinson on 01/11/08. (Monaco, Laura) (Entered: 01/11/2008) |
| 01/22/2008 | 20 | Letter MOTION to Adjourn Conference *of 1/25/08* by Renata Marska. (Benjamin, Jeffrey) (Entered: 01/22/2008) |
| 01/24/2008 | | ELECTRONIC ORDER granting 20 Motion to Adjourn Conference. The status conference scheduled for January 25, 2008 is adjourned pending receipt of a letter from the parties specifying dates and times that they are available for to attend a telephone conference before March 12, 2008. Ordered by Magistrate Judge A. Kathleen Tomlinson on 01/24/08. (Monaco, Laura) (Entered: 01/24/2008) |
| 01/30/2008 | 21 | First Appear by Telephone *Status Conference* by Renata Marska. (Benjamin, Jeffrey) (Entered: 01/30/2008) |
| 01/31/2008 | | ELECTRONIC ORDER granting 21 Motion to Appear by Telephone. As requested by the parties in Plaintiff's January 30, 2008 letter, a telephone status conference will be held on February 26, 2008 at 2:30 p.m. Ordered by Magistrate Judge A. Kathleen Tomlinson on 01/31/08. (Monaco, Laura) (Entered: 01/31/2008) |
| 02/27/2008 | 22 | Minute Entry for proceedings held before Magistrate Judge A. Kathleen Tomlinson:Status Conference held on 2/26/2008: 1. Counsel for all parties appeared by telephone and Plaintiff herself appeared in person. Plaintiff stated that she received a letter from her Polish attorney last week informing her that the appraisal of the house was going to take place on February 26, 2008 and that the |

| | | |
|---|---|---|
| | | Polish court had ordered the appraisal report to be completed by the end of March 2008. 2. Plaintiff's counsel stated that he had been contemplating a motion to be relieved as counsel but that he needed to address the current circumstances of the arrival of the letter regarding the Order from the Polish court with Plaintiff herself. I directed Plaintiff's counsel to confer with his client to determine whether and how they wish to proceed in this action. Should Plaintiff's counsel decide that he wishes to file a motion to be relieved as counsel, such motion must be filed no later than the first week of April 2008. 3. Defendant Kalicki's motion for a protective order [DE 18] is hereby DENIED for the reasons stated on the record during today's conference. 4. Defendant Kalicki's deposition is to take place within the next 60 days. No extensions will be granted. This ruling, however, does not prejudice any party's right to request that Defendant Kalicki's deposition be re–opened on the issue of damages at an appropriate time after the parties receive a copy of the appraisal report from Poland. Additional rulings and information are contained in the attached Order. SEE ATTACHED ORDER. (Monaco, Laura) (Entered: 02/27/2008) |
| 02/27/2008 | | Motions terminated: 18 Letter MOTION for Protective Order(pursuant to calendar dated 2/27/08) (Ordered by Magistrate Judge A. Kathleen Tomlinson on 2/27/08). (Montero, Edher) (Entered: 02/28/2008) |
| 03/13/2008 | 23 | Letter MOTION to Withdraw as Attorney by Renata Marska. (Benjamin, Jeffrey) (Entered: 03/13/2008) |
| 03/14/2008 | | ELECTRONIC ORDER denying 23 Motion to Withdraw as Attorney. Plaintiff's counsel's March 13, 2008 request to file a letter motion to withdraw as counsel for Plaintiff in lieu of a formal motion is DENIED. Motions to withdraw may not be made by letter motion. Plaintiff's counsel is directed to refer to the Federal Rules of Civil Procedure for motion requirements. Should Plaintiff's counsel need additional time to file a motion to withdraw, he may have until April 11, 2008, but he is directed to agree upon a briefing schedule with Defendants' counsel. Counsel are advised to take notice of my "Bundle Rule" Individual Practice Rule III(C)(1)(a), which prohibits the filing of all motion papers on ECF until the motion has been fully briefed. Ordered by Magistrate Judge A. Kathleen Tomlinson on 03/14/08. (Monaco, Laura) (Entered: 03/14/2008) |
| 04/11/2008 | 24 | Notice of MOTION to Withdraw as Attorney *for Plaintiff* by Renata Marska. (Benjamin, Jeffrey) (Entered: 04/11/2008) |
| 04/11/2008 | 25 | MOTION to Withdraw as Attorney *for Plaintiff* by Renata Marska. (Benjamin, Jeffrey) (Entered: 04/11/2008) |
| 04/11/2008 | 26 | Notice of MOTION to Withdraw as Attorney *for Plaintiff* by Renata Marska. (Benjamin, Jeffrey) (Entered: 04/11/2008) |
| 06/27/2008 | 27 | Letter to Judge Tomlinson from plaintiff dtd. 6/23/08 requesting status on the motion to withdraw by her counsel. (Montero, Edher) (Entered: 06/30/2008) |
| 06/30/2008 | | ELECTRONIC ORDER re 27 Letter. The Court has received Plaintiff's June 23, 2008 letter. Plaintiff's counsel motion to withdraw is still under consideration by the Court. The parties will be notified promptly once the Court reaches a decision on the pending motion. Plaintiff's counsel is directed to ensure that Plaintiff receives a copy of this Order. Ordered by Magistrate Judge A. Kathleen Tomlinson on 06/30/08. (Monaco, Laura) (Entered: 06/30/2008) |
| 11/12/2008 | | SCHEDULING ORDER: An in–person status conference will be held on December 3, 2008 at 3:00 p.m. in Courtroom 910. Counsel for all parties as well as Plaintiff herself are directed to attend. Counsel for Plaintiff is directed to serve a copy of this Order upon Plaintiff forthwith and file proof of service on ECF. Ordered by Magistrate Judge A. Kathleen Tomlinson on 11/12/08. (Monaco, Laura) (Entered: 11/12/2008) |
| 11/19/2008 | 28 | CERTIFICATE OF SERVICE by Renata Marska re Scheduling Order, *of 11/12/08* (Benjamin, Jeffrey) (Entered: 11/19/2008) |
| 12/05/2008 | 29 | Minute Order for proceedings held before Magistrate Judge A. Kathleen Tomlinson:Motion Hearing/Status Conference held on 12/3/2008. Motion to |

| | | |
|---|---|---|
| | | Withdraw as Attorney of record for Plaintiff 24 25 26 GRANTED. Status Conference will be held on 2/11/2009. SEE ATTACHED ORDER. Ordered by Judge A. Kathleen Tomlinson on 12/3/08. (Tomlinson, A.) Modified on 12/8/2008 (Montero, Edher). (Entered: 12/05/2008) |
| 01/22/2009 | 31 | *SEALED* Letter dated 1/13/09 from pro se plaintiff to Judge Tomlinson requesting that the court grant her additional time to obtain new counsel as she just received the file from her prior attorney. (Montero, Edher) (Entered: 02/09/2009) |
| 01/22/2009 | | (Court only) ***Document #31 sealed and placed in vault. (Montero, Edher) (Entered: 02/09/2009) |
| 02/04/2009 | 30 | ORDER. Pro Se Plaintiff has submitted to the Court a letter detailing the delay she has incurred in obtaining her file from prior counsel. I am directing that letter to be filed under seal. Accordingly, Plaintiff's request for an additional 30 days to seek and obtain new counsel is GRANTED. On that basis, the in−person status conference scheduled for February 11, 2009 is adjourned to March 18, 2009 at 2:30 p.m. SEE ATTACHED ORDER. C/M. Ordered by Magistrate Judge A. Kathleen Tomlinson on 2/4/2009. (Tobin, Ellen) (Entered: 02/04/2009) |
| 03/17/2009 | 32 | SCHEDULING ORDER: Plaintiffs incoming counsel has faxed a letter to Chambers requesting, on consent all parties, an adjournment of the Status Conference scheduled for March 18, 2009. In light of the circumstances outlined in the letter, the request for the adjournment of the March 18, 2009 Status Conference is hereby GRANTED, with the understanding that new counsel will file a Notice of Appearance immediately. The Status Conference is rescheduled to April 15, 2009 at 1:30 p.m. SEE ATTACHED ORDER. C/M. Ordered by Magistrate Judge A. Kathleen Tomlinson on 3/17/2009. (Tobin, Ellen) (Entered: 03/17/2009) |
| 03/17/2009 | 33 | NOTICE of Appearance by Jacqueline Kate Hollander on behalf of Renata Marska (aty to be noticed) (Hollander, Jacqueline) (Entered: 03/17/2009) |
| 04/15/2009 | 34 | Minute Entry for proceedings held before Magistrate Judge A. Kathleen Tomlinson:Status Conference held on 4/15/2009. SCHEDULING: The Pre−Trial Conference will be held on September 18, 2009 at 10:30 a.m. The extensive rulings made at today's conference are set forth in the ATTACHED ORDER. An Amended Case Management and Scheduling Order is being entered separately. Ordered by Judge A. Kathleen Tomlinson on 4/15/09. (Tomlinson, A.) (Entered: 04/15/2009) |
| 04/15/2009 | 35 | SCHEDULING ORDER: DEADLINES AND COURT APPEARANCES: Deadline for Plaintiff to serve Rule 30(b)(6) deposition notice: May 1, 2009; Deadline for Plaintiff to serve estimate of damages, subject to amendment: May 7, 2009; Deadline for Plaintiff's counsel to respond to all outstanding discovery: May 7, 2009; Deadline for all deposition notices (except Rule 30(b)(6) notice) to be served on opposing counsel or non−parties: May 18, 2009; Deadline to complete all fact depositions: July 8, 2009; All fact discovery closes on: July 8, 2009; Disclosure of identity of retained expert and area of expertise by: July 17, 2009; Letter requests for pre−motion conferences to Judge Mauskopf by: July 31, 2009; Expert reports and all expert disclosures required under Rule 26 served by: August 7, 2009; All rebuttal expert reports and disclosures required under Rule 26 served by: September 3, 2009; Deadline to complete expert depositions: 60 days prior to trial; Deadline for filing proposed Joint Pre−Trial Order: September 10, 2009; Pre−Trial Conference will be held on: Sept. 18, 2009. SEE ATTACHED ORDER. Ordered by Magistrate Judge A. Kathleen Tomlinson on 4/15/2009. (Tobin, Ellen) (Entered: 04/15/2009) |
| 04/22/2009 | 36 | DOCUMENT STRICKEN − SEE DE #38 AMENDED COMPLAINT against all defendants, filed by Renata Marska. (Hollander, Jacqueline) Modified on 3/26/2010 (Lee, Tiffeny). (Entered: 04/22/2009) |
| 04/22/2009 | 37 | MOTION to Amend/Correct/Supplement by Renata Marska. (Hollander, Jacqueline) (Entered: 04/22/2009) |
| 04/23/2009 | 38 | ORDER re 36 Amended Complaint filed by Plaintiff Renata Marska. Plaintiff's separate filing of the proposed Amended Complaint [DE 36] is improper at this juncture. Accordingly, the Clerk's Office is directed to strike DE 36 from the docket. SEE ATTACHED ORDER. Ordered by Magistrate Judge A. Kathleen |

| | | |
|---|---|---|
| | | Tomlinson on 4/23/2009. (Tobin, Ellen) (Entered: 04/23/2009) |
| 04/24/2009 | 39 | Letter MOTION to Disqualify Counsel *for plaintiff* by Mieczyslaw Kalicki, Dorota Kalicki. (Ketover, Joshua) (Entered: 04/24/2009) |
| 04/29/2009 | | ORDER denying 39 Motion to Disqualify Counsel. A motion to disqualify counsel must be filed as a formal motion in accordance with the Federal Rules of Civil Procedure. Accordingly, Defendant's letter motion to disqualify Plaintiff's counsel is DENIED, without prejudice, and with leave to re–file as a formal motion. If Defendant wishes to re–file the motion, then he is directed to confer with Plaintiff's counsel to agree upon a briefing schedule and so notify the Court. In addition, the parties are reminded of Judge Tomlinson's "Bundle Rule," Individual Practice Rule III(C)(1)(a), which prohibits the filing of all motion papers until the motion has been fully briefed. Ordered by Magistrate Judge A. Kathleen Tomlinson on 4/29/2009. (Tobin, Ellen) (Entered: 04/29/2009) |
| 04/29/2009 | 40 | MOTION for Extension of Time to File *Response* by Mieczyslaw Kalicki, Dorota Kalicki. (Ketover, Joshua) (Entered: 04/29/2009) |
| 04/30/2009 | | ORDER granting 40 Defendant's Motion for Extension of Time to file Opposition to Plaintiff's Motion to Amend the Pleading. Defendant shall file the Opposition papers by May 8, 2009. Plaintiff shall file Reply papers, if any, by May 15, 2009. Ordered by Magistrate Judge A. Kathleen Tomlinson on 4/30/2009. (Tobin, Ellen) (Entered: 04/30/2009) |
| 05/07/2009 | 41 | MOTION for Extension of Time to Complete Discovery by Renata Marska. (Hollander, Jacqueline) (Entered: 05/07/2009) |
| 05/07/2009 | 42 | Letter MOTION for Extension of Time to Complete Discovery *In Response to Plaintiff's Letter Motion* by Mieczyslaw Kalicki, Dorota Kalicki. (Ketover, Joshua) (Entered: 05/07/2009) |
| 05/15/2009 | 43 | MEMORANDUM in Opposition re 37 MOTION to Amend/Correct/Supplement filed by Mieczyslaw Kalicki, Dorota Kalicki. (Ketover, Joshua) (Entered: 05/15/2009) |
| 05/15/2009 | 44 | REPLY in Opposition *Defendants memo in opposition* filed by Renata Marska. (Hollander, Jacqueline) (Entered: 05/15/2009) |
| 05/19/2009 | | The Court has reviewed 41 Plaintiff's letter Motion for an adjournment of the deadlines to serve an estimate of damages and responses to all outstanding discovery, as well as 42 Defendant's letter. Based upon the representations contained in Plaintiff's letter, as well as Defendant's partial consent thereto, Plaintiff's Motion is hereby GRANTED. Plaintiff shall serve the estimation of damages and responses to all outstanding discovery no later than May 21, 2009. No further extensions will be given on these deadlines. Ordered by Magistrate Judge A. Kathleen Tomlinson on 5/15/2009. (Tobin, Ellen) (Entered: 05/19/2009) |
| 06/16/2009 | 45 | Letter *Requesting Telephonic Conference* by Mieczyslaw Kalicki, Dorota Kalicki (Ketover, Joshua) (Entered: 06/16/2009) |
| 06/19/2009 | | SCHEDULING ORDER. The Court has received the parties' letter dated June 16, 2009 [DE 45] requesting a conference to address certain discovery issues. Pursuant to the parties' request, an IN–PERSON Status Conference is scheduled for June 29, 2009 at 3:30 PM in Courtroom 910 before Magistrate Judge A. Kathleen Tomlinson. Ordered by Magistrate Judge A. Kathleen Tomlinson on 6/19/2009. (Tobin, Ellen) (Entered: 06/19/2009) |
| 07/14/2009 | 46 | Minute Entry for proceedings held before Magistrate Judge A. Kathleen Tomlinson:Status Conference held on June 29, 2009. THE FOLLOWING RULINGS WERE MADE: I met with the parties today to address discovery disputes that have arisen in this action. SEE ATTACHED ORDER for today's rulings and directives. (Tobin, Ellen) (Entered: 07/14/2009) |
| 07/21/2009 | 47 | Letter by Renata Marska (Hollander, Jacqueline) (Entered: 07/21/2009) |
| 07/21/2009 | 48 | Letter *in Reply to Plaintiff's Letter Dated July 21, 2009* by Dorota Kalicki, Mieczyslaw Kalicki (Ketover, Joshua) (Entered: 07/21/2009) |

| 07/22/2009 | 49 | ORDER, The Court has reviewed Plaintiff's letter [DE 47] and the Kalicki Defendants' letter [DE 48], both dated July 21, 2009. In light of the representations contained in these letters, the deadline for counsel for the Kalicki Defendants to file a letter motion, in the event he finds, in good faith, that Plaintiff's document production or updated interrogatory responses are deficient, is hereby extended to August 4, 2009. SEE ATTACHED ORDER. Ordered by Magistrate Judge A. Kathleen Tomlinson on 7/22/2009. (Tobin, Ellen) (Entered: 07/22/2009) |
|---|---|---|
| 07/30/2009 | 50 | NOTICE of Appearance by Sanford Kutner on behalf of Renata Marska (aty to be noticed) (Kutner, Sanford) (Entered: 07/30/2009) |
| 07/30/2009 | 51 | Letter MOTION for Extension of Time to Complete Discovery by Renata Marska. (Kutner, Sanford) (Entered: 07/30/2009) |
| 07/31/2009 | 52 | RESPONSE to Motion re 51 Letter MOTION for Extension of Time to Complete Discovery filed by Dorota Kalicki, Mieczyslaw Kalicki. (Ketover, Joshua) (Entered: 07/31/2009) |
| 08/04/2009 | | ORDER re 51 Letter MOTION for Extension of Time to Complete Discovery filed by Renata Marska and 52 Response to Motion filed by Defendants. In view of the information provided to the Court, I am GRANTING the requested 21–day extension notwithstanding the conditions under which Defendants have withheld consent. A revised schedule will be entered separately. Ordered by Magistrate Judge A. Kathleen Tomlinson on 8/4/2009. (Tomlinson, A.) (Entered: 08/04/2009) |
| 08/05/2009 | 53 | SECOND AMENDED CASE MANAGEMENT AND SCHEDULING ORDER: The Pretrial Conference scheduled for September 18, 2009 is hereby adjourned. DEADLINES AND COURT APPEARANCES: Deadline for Plaintiff's counsel to respond to all outstanding discovery: August 26, 2009; Deadline for Plaintiff's counsel to produce all documents related to the Polish litigation: August 26, 2009; Deadline for Plaintiff's counsel to obtain certified translations of documents from the Polish litigation: September 9, 2009; Deadline for all deposition notices (except Rule 39(b)(6) notices) to be served on opposing counsel or non–parties:September 18, 2009; Deadline to complete all fact depositions:October 23, 2009; All fact discovery closes on:October 23, 2009; Disclosure of retained experts by: October 30, 3009; Any party contemplating a motion for summary judgment must file its letter request for a pre–motion conference to Judge Mauskopf by:November 13, 2009; Expert reports and all expert disclosures requiredunder Rule 26 by any party using an expert in itscase–in–chief must be served by:November 24, 2009; Deadline to complete expert depositions:60 days prior to trial; Joint Pretrial Order due by: December 11, 2009 ; Pretrial Conference: December 18, 2009. SEE ATTACHED ORDER FOR ADDITIONAL INFORMATION. Ordered by Magistrate Judge A. Kathleen Tomlinson on 8/5/2009. (Tobin, Ellen) (Entered: 08/05/2009) |
| 08/05/2009 | | Motions terminated: 51 Letter MOTION for Extension of Time to Complete Discovery filed by Renata Marska pursuant to DE#53. (Ordered by Magistrate Judge A. Kathleen Tomlinson on 8/5/2009) (Montero, Edher) (Entered: 08/05/2009) |
| 09/11/2009 | 54 | Letter MOTION for Discovery *Failure by Plaintiff to Comply* by Dorota Kalicki, Mieczyslaw Kalicki. (Ketover, Joshua) (Entered: 09/11/2009) |
| 09/15/2009 | 55 | MOTION to Adjourn Conference by Hospital Receivables Systems, Inc.. (Schnittman, Eric) (Entered: 09/15/2009) |
| 09/16/2009 | | ORDER deeming 55 moot Motion to Adjourn September 18, 2009 Conference. The Court notes that there is no conference in this case presently scheduled for September 18, 2009. The parties are referred to the Second Amended Case Management and Scheduling Order [DE 53] for the current schedule of deadlines and court appearances. Ordered by Magistrate Judge A. Kathleen Tomlinson on 9/16/2009. (Tobin, Ellen) (Entered: 09/16/2009) |
| 09/16/2009 | 56 | RESPONSE to Motion re 54 Letter MOTION for Discovery *Failure by Plaintiff to Comply* filed by Renata Marska. (Kutner, Sanford) (Entered: 09/16/2009) |
| 12/11/2009 | | SCHEDULING ORDER: The deadline for submission of the joint proposed pretrial order and the December 18, 2009 pretrial conference are ADJOURNED |

| | | |
|---|---|---|
| | | pending the Court's resolution of the outstanding discovery motions. Ordered by Magistrate Judge A. Kathleen Tomlinson on 12/11/2009. (Tobin, Ellen) (Entered: 12/11/2009) |
| 03/26/2010 | 57 | MEMORANDUM &ORDER: Plaintiff's 37 Motion for Leave to Amend the Complaint is DENIED in its entirety. Ordered by Judge Roslynn R. Mauskopf on 3/26/2010. (Lee, Tiffeny) (Entered: 03/26/2010) |
| 07/02/2010 | | ORDER. The parties are directed to participate in a status conference by telephone with the Court on July 12, 2010 at 3:30 p.m. Plaintiff's counsel is directed to initiate the call to Chambers. Ordered by Magistrate Judge A. Kathleen Tomlinson on 7/2/2010. (Tomlinson, A.) Modified on 7/2/2010 (Montero, Edher). (Entered: 07/02/2010) |
| 07/12/2010 | | SCHEDULING ORDER: Counsel are unable to arrange for the multiparty conference call scheduled for July 12, 2010. Therefore the conference is rescheduled for July 23, 2010 at 2:00 p.m. Counsel for all parties are directed to appear in person before Magistrate Judge A. Kathleen Tomlinson in Courtroom 910. Ordered by Magistrate Judge A. Kathleen Tomlinson on 7/12/2010. (Tobin, Ellen) (Entered: 07/12/2010) |
| 07/26/2010 | 58 | Minute Order for proceedings held before Magistrate Judge A. Kathleen Tomlinson: Status Conference held on July 23, 2010. THE FOLLOWING RULINGS WERE MADE: Defendants' 54 Motion for Discovery is GRANTED, in part, to the extent set forth on the record of today's proceedings. SEE ATTACHED ORDER for a summary of today's rulings. To order a copy of the transcript of today's conference the parties should contact my Courtroom Deputy at (631) 712−5765. An Amended and Final Case Management and Scheduling Order will be entered separately. (Tobin, Ellen) (Entered: 07/26/2010) |
| 07/26/2010 | 59 | FINAL CASE MANAGEMENT AND SCHEDULING ORDER: DEADLINES AND COURT APPEARANCES: Deadline for Plaintiff to produce decision from the Polish Court: August 2, 2010; Deadline for Plaintiff to provide outstanding responses to interrogatories: August 9, 2010; All depositions completed by:September 24, 2010; Dispositive motion practice started by: October 11, 2010; Joint Pretrial Order due by: November 15, 2010; Pretrial Conference: November 19, 2010. SEE ATTACHED ORDER. Ordered by Magistrate Judge A. Kathleen Tomlinson on 7/26/2010. (Tobin, Ellen) (Entered: 07/26/2010) |
| 09/23/2010 | 60 | MOTION for Extension of Time to Complete Discovery by Renata Marska. (Hollander, Jacqueline) (Entered: 09/23/2010) |
| 09/24/2010 | | ORDER denying 60 Motion for Extension of Time to Complete Discovery. A conference is set for September 30, 2010 at 4:00 p.m. before Magistrate Judge A. Kathleen Tomlinson in Courtroom 910. Counsel for all parties are required to appear. Ordered by Magistrate Judge A. Kathleen Tomlinson on 9/24/2010. (Tobin, Ellen) (Entered: 09/24/2010) |
| 09/29/2010 | 61 | Letter MOTION to Adjourn Conference by Renata Marska. (Hollander, Jacqueline) (Entered: 09/29/2010) |
| 09/29/2010 | | ORDER granting 61 Motion to Adjourn Conference. Based upon the representations set forth in Plaintiff's letter, the September 30, 2010 conference is ADJOURNED to October 20, 2010 at 11:30 a.m. in Courtroom 910. Ordered by Magistrate Judge A. Kathleen Tomlinson on 9/29/2010. (Tobin, Ellen) (Entered: 09/29/2010) |
| 10/20/2010 | 62 | Minute Entry for proceedings held before Magistrate Judge A. Kathleen Tomlinson: Status Conference held on 10/20/2010. SCHEDULING: Counsel for the parties are directed to participate in a telephone conference with the Court on October 29, 2010 at 4 p.m. to report back on their compliance with the Court's directives. Plaintiff's counsel is directed to initiate the call to Chambers. SEE ATTACHED ORDER FOR ADDITIONAL RULINGS AND INFORMATION. Ordered by Judge A. Kathleen Tomlinson on 10/20/10. (Tomlinson, A.) (Main Document 62 replaced on 10/28/2010) (Montero, Edher). (Entered: 10/20/2010) |

| 10/29/2010 | 63 | Minute Entry for proceedings held before Magistrate Judge A. Kathleen Tomlinson:Telephone Conference held on 10/29/2010. I set this conference to confirm that the parties had completed the directives given to them on October 20, 2010. Counsel reported today that depositions were proceeding on schedule. SEE ATTACHED ORDER for further information. (Reifman, Marli) (Entered: 10/29/2010) |
|---|---|---|
| 11/11/2010 | 64 | MOTION to Substitute Attorney by Hospital Receivables Systems, Inc.. (Mehary, Michael) (Entered: 11/11/2010) |
| 11/12/2010 | 65 | MOTION for pre motion conference by Hospital Receivables Systems, Inc.. (Mehary, Michael) (Entered: 11/12/2010) |
| 11/12/2010 | 66 | Letter by Dorota Kalicki, Mieczyslaw Kalicki (Ketover, Joshua) (Entered: 11/12/2010) |
| 11/12/2010 | | ORDER granting 64 Motion to Substitute Attorney. Attorney Eric Alan Schnittman terminated. Pursuant to the Consent to Change Attorney signed by Defendant Hospital Receivables Systems, Inc. and Attorney Michael Mehary, as well as the sworn Affidavit of Attorney Eric Schnittman, Mr. Mehary is hereby substituted as counsel for Defendant Hospital Receivables Systems, Inc. Ordered by Magistrate Judge A. Kathleen Tomlinson on 11/12/2010. (Reifman, Marli) (Entered: 11/12/2010) |
| 12/14/2010 | 67 | Proposed Pretrial Order *and Cover Letter* by Hospital Receivables Systems, Inc., Dorota Kalicki, Mieczyslaw Kalicki (Ketover, Joshua) (Entered: 12/14/2010) |
| 12/15/2010 | 68 | ORDER. The Court has reviewed the letter of Defendants' counsel dated December 14, 2010 [DE 67]. Plaintiff's counsel is directed to respond to the statements made in Defendants' letter by the close of business tomorrow, December 16, 2010. If the Court does not receive Plaintiff's response by the close of business on December 16, 2010, sanctions will be imposed. Ordered by Magistrate Judge A. Kathleen Tomlinson on 12/15/2010. (Reifman, Marli) (Entered: 12/15/2010) |
| 12/16/2010 | | ORDER. Plaintiff's counsel contacted my Chambers this afternoon and stated that she was working on responding to my previous Order [DE 68]. She inquired as to what time she needs to submit a response in order for it to be considered timely filed by the "close of business." Plaintiff's counsel was instructed that she could file her response by 6:00 p.m. today and that it would not be accepted if filed after 6:00 p.m. Ordered by Magistrate Judge A. Kathleen Tomlinson on 12/16/2010. (Reifman, Marli) (Entered: 12/16/2010) |
| 12/16/2010 | 69 | Proposed Pretrial Order *and letter* by Renata Marska (Hollander, Jacqueline) (Entered: 12/16/2010) |
| 12/20/2010 | 70 | ORDER. The Court has reviewed the proposed "Joint" Pretrial Order filed by counsel for Plaintiff [DE 69] and determined that it cannot be certified to Judge Mauskopf in its present state. The parties have until January 21, 2011 to submit an Amended Joint Pretrial Order in accordance with the directives set forth in the attached Order. In view of the foregoing, the Pretrial Conference scheduled for December 22, 2010 is ADJOURNED until January 28, 2011. SEE ATTACHED ORDER. Ordered by Magistrate Judge A. Kathleen Tomlinson on 12/20/2010. (Reifman, Marli) (Entered: 12/20/2010) |
| 01/20/2011 | 71 | Proposed Pretrial Order by Renata Marska (Kutner, Sanford) (Entered: 01/20/2011) |
| 01/27/2011 | 72 | MOTION to Adjourn Conference by Renata Marska. (Hollander, Jacqueline) (Entered: 01/27/2011) |
| 01/27/2011 | 73 | MOTION to Adjourn Conference *refiled* by Renata Marska. (Hollander, Jacqueline) (Entered: 01/27/2011) |
| 01/27/2011 | | ORDER deferring ruling on 72 Motion to Adjourn Conference; deferring ruling on 73 Motion to Adjourn Conference. The Court has reviewed Plaintiff's letter requesting adjournment of the pre-trial conference scheduled for January 28. Because Plaintiff's counsel states she has been unable to reach counsel for Defendants, I directed my Chambers to attempt to contact counsel for Defendants. My staff has left messages for Defendants' counsel. I am deferring ruling on |

| | | |
|---|---|---|
| | | Plaintiff's request until tomorrow morning in order to give Defendants' counsel more time to contact Chambers. Ordered by Magistrate Judge A. Kathleen Tomlinson on 1/27/2011. (Reifman, Marli) (Entered: 01/27/2011) |
| 01/28/2011 | | ORDER granting 72 Motion to Adjourn Conference. Counsel for Defendant Hospital Receivables contacted my Chambers and stated that he has no objections to Plaintiff's request for an adjournment of the pre−trial conference scheduled for this afternoon. I have not yet heard from counsel for Defendant Kalicki. However, I am GRANTING Plaintiff's request for a brief adjournment. The pre−trial conference will be held on February 4, 2011 at 11:30 a.m. Ordered by Magistrate Judge A. Kathleen Tomlinson on 1/28/2011. (Reifman, Marli) (Entered: 01/28/2011) |
| 02/09/2011 | | SCHEDULING ORDER: By February 21, 2011, Plaintiff is ORDERED to respond by letter, not exceeding (3) pages, to all of the issues raised in the letters of Defendant Hospital Receivables Systems, Inc. [Doc. No. 65] and Defendants Kalicki [Doc. No. 66], requesting a pre−motion conference. Plaintiff is directed to address, inter alia, the factual and legal bases on which Plaintiff intends to rely to oppose dismissal on statute of limitations grounds. Ordered by Judge Roslynn R. Mauskopf on 2/9/2011. (Moody, Gerald) (Entered: 02/09/2011) |
| 02/10/2011 | 74 | Minute Entry for proceedings held before Magistrate Judge A. Kathleen Tomlinson:Initial Pretrial Conference held on 2/4/2011. THE FOLLOWING RULINGS WERE MADE: (1) I spent some time reviewing with counsel some changes that need to be made to the proposed Joint Pre−Trial Order. Those changes are outlined in the attached Order. (2) All transcripts and errata sheets are to be exchanged for all witnesses no later than February 14, 2011, with the exception of what I directed Plaintiffs counsel to send by February 7, 2011. (3) Once the Amended Joint Pre−Trial Order is submitted, I will review it and if it is in compliance with the above directives, I will "so order" it and certify the case to Judge Mauskopf. SEE ATTACHED ORDER FOR FURTHER RULINGS AND INFORMATION. (Reifman, Marli) (Entered: 02/10/2011) |
| 02/24/2011 | | ORDER: On February 9, 2011, this Court Ordered Plaintiff to respond by letter to the issues raised in Defendants' requests for a premotion conference 65 , 66 by February 21, 2011. Plaintiff has failed to comply with this Court's Order. Plaintiff is ORDERED to comply with this Court's Order and respond by letter, not exceeding (3) pages, to all of the issues raised in the letters of Defendant Hospital Receivables Systems, Inc. 65 and Defendants Kalicki 66 by tomorrow, February 25, 2011, at CLOSE OF BUSINESS. The Court will consider imposing sanctions should Plaintiff fail to comply with this Order. Ordered by Judge Roslynn R. Mauskopf on 2/24/2011. (Moody, Gerald) (Entered: 02/24/2011) |
| 02/25/2011 | 75 | Letter by Renata Marska (Hollander, Jacqueline) (Entered: 02/25/2011) |
| 02/28/2011 | 76 | ORDER TO SHOW CAUSE: *SEE ATTACHED ORDER.* Plaintiff is hereby ORDERED TO SHOW CAUSE IN WRITING, no later than 12:00 noon on Wednesday, March 2, 2011, why sanctions, including but not limited to a finding of contempt, should not be imposed on Plaintiff for failure to comply with this Courts electronic Orders of February 9, 2011, and February 24, 2011; and it is FURTHER ORDERED that no later than 12:00 noon on Wednesday, March 2, 2011, Plaintiff shall respond by letter, not to exceed three (3) pages, to all of the issues raised in the letters filed by Defendants [Doc. Nos. 65 and 66], which letter shall set forth the factual and legal bases on which Plaintiff intends to rely to oppose all aspects of Defendants proposed motions for summary judgment. Ordered by Judge Roslynn R. Mauskopf on 2/28/2011. (Mauskopf, Roslynn) (Entered: 02/28/2011) |
| 03/02/2011 | 77 | REPLY in Support re 76 Order to Show Cause,,, filed by Renata Marska. (Hollander, Jacqueline) (Entered: 03/02/2011) |
| 03/09/2011 | 78 | Letter by Hospital Receivables Systems, Inc. (Mehary, Michael) (Entered: 03/09/2011) |
| 03/14/2011 | 79 | Letter *in response to Defendant letter 3.9.11* by Renata Marska (Hollander, Jacqueline) (Entered: 03/14/2011) |

| 03/17/2011 | 80 | ORDER re 78 Letter filed by Hospital Receivables Systems, Inc., 79 Letter filed by Renata Marska. SEE ATTACHED ORDER addressing issues raised in the parties' letters. Ordered by Magistrate Judge A. Kathleen Tomlinson on 3/17/2011. (Reifman, Marli) (Entered: 03/17/2011) |
| --- | --- | --- |
| 03/17/2011 | 81 | ORDER re 78 Letter filed by Hospital Receivables Systems, Inc. The Court has reviewed Defendants' letter requesting permission to file a motion to strike Plaintiff's complaint for failure to comply with this Courts discovery Orders. DE 78. Such a motion must be made by formal motion pursuant to the Federal Rules of Civil Procedure. SEE ATTACHED ORDER for further information. Ordered by Magistrate Judge A. Kathleen Tomlinson on 3/17/2011. (Reifman, Marli) (Entered: 03/17/2011) |
| 03/28/2011 | 82 | ORDER TO SHOW CAUSE Show Cause Hearing set for 4/28/2011 at 04:00 PM in Courtroom 910 before Magistrate Judge A. Kathleen Tomlinson. SEE ATTACHED ORDER. Ordered by Magistrate Judge A. Kathleen Tomlinson on 3/28/2011. (Reifman, Marli) (Entered: 03/28/2011) |
| 04/27/2011 | 83 | MOTION to Adjourn Conference by Renata Marska. (Hollander, Jacqueline) (Entered: 04/27/2011) |
| 04/27/2011 | | ORDER denying 83 Motion to Adjourn Conference. The Court has reviewed the letter motion of Plaintiff's counsel requesting an adjournment of the show cause hearing scheduled for April 28, 2011. The motion is DENIED. The hearing will go forward tomorrow as previously scheduled. Ordered by Magistrate Judge A. Kathleen Tomlinson on 4/27/2011. (Reifman, Marli) (Entered: 04/27/2011) |
| 04/27/2011 | 84 | MOTION to Intervene *Plaintiff's Request to Reject The Findings and Recommendations Made by The Magistrate Judge* by Renata Marska. (Hollander, Jacqueline) (Entered: 04/27/2011) |
| 04/27/2011 | | ORDER denying 84 Motion to Intervene: This Court is fully familiar with the facts, circumstances and procedural history of this matter, and, pursuant to Rule 72, has reviewed *de novo* Plaintiff's counsel's application for an adjournment of the Show Cause hearing scheduled for tomorrow 83, Magistrate Judge Tomlinson's Order denying that request entered on 4/27/2011, and Plaintiff's Counsel's objections to that Order 84 which objections have been styled as a Motion to Intervene. The Court overrules Plaintiff's Counsel's objections and denies the motion. In Ordering Plaintiff's counsel to Show Cause tomorrow, and in denying Plaintiff's counsel's last−minute request for an adjournment of said hearing by Electronic Order entered this day, Magistrate Judge Tomlinson was well within the bounds of her discretion to efficiently and effectively manage this case pursuant to Rule 16, and properly exercised her inherent authority to enforce through contempt or other sanction multiple Orders of the Magistrate Judge with which Plaintiff's counsel failed to comply. As such, Plaintiff's Counsel is hereby ORDERED to SHOW CAUSE IN PERSON before Magistrate Judge Tomlinson tomorrow, April 28, 2011 as previously Ordered by Magistrate Tomlinson in her Order entered 3/28/2011 82 , and to otherwise comply with said Order in all respects. Ordered by Judge Roslynn R. Mauskopf on 4/27/2011. (Mauskopf, Roslynn) (Entered: 04/27/2011) |
| 04/29/2011 | 85 | Minute Entry for proceedings held before Magistrate Judge A. Kathleen Tomlinson: Show Cause Hearing held on 4/28/2011. SCHEDULING: The ORDER TO SHOW CAUSE HEARING is continued to May 31, 2011 at 3:00 p.m. Plaintiff's counsel and plaintiff herself are required to be in attendance. Plaintiff's counsel is directed to serve a copy of this Order, along with the Court's March 28, 2011 Order To Show Cause upon Plaintiff Renata Marska by overnight mail and first−class mail and to file proof of service on ECF no later than the close of business on May 2, 2011. Ordered by Judge A. Kathleen Tomlinson on 4/28/11. (Tomlinson, A.) (Entered: 04/29/2011) |
| 05/02/2011 | 86 | CERTIFICATE OF SERVICE by Renata Marska re 85 Show Cause Hearing,, (Hollander, Jacqueline) (Entered: 05/02/2011) |
| 05/26/2011 | 87 | MOTION to Withdraw as Attorney by Renata Marska. (Attachments: # 1 Docket Sheet) (Hollander, Jacqueline) (Entered: 05/26/2011) |

| 05/27/2011 | | ORDER. Notwithstanding the fact that Attorney Hollander has filed a motion to withdraw as counsel to Plaintiff, the Show Cause Hearing scheduled for May 31 will be going forward. Attorney Hollander is expected to appear with her client. Ordered by Magistrate Judge A. Kathleen Tomlinson on 5/27/2011. (Reifman, Marli) (Entered: 05/27/2011) |
|---|---|---|
| 06/01/2011 | 88 | MOTION for pre motion conference by Hospital Receivables Systems, Inc.. (Mehary, Michael) (Entered: 06/01/2011) |
| 06/02/2011 | 89 | Minute Entry for proceedings held before Magistrate Judge A. Kathleen Tomlinson:Show Cause Hearing held on 5/31/2011. SCHEDULING: The next conference will be held by telephone on June 30, 2011. THE FOLLOWING RULINGS WERE MADE: Today's hearing was set as a continuation of the show cause hearing which began April 28, 2011. After hearing at length from both Plaintiff and her attorney, I RESERVED DECISION on what sanctions will be imposed. SEE ATTACHED ORDER FOR FURTHER INFORMATION. (Reifman, Marli) (Entered: 06/02/2011) |
| 06/06/2011 | 98 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on April 28, 2011, before Judge A. Kathleen Tomlinson. Court Reporter/Transcriber Aria Transcriptions, Telephone number (215) 767–7700. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/27/2011. Redacted Transcript Deadline set for 7/7/2011. Release of Transcript Restriction set for 9/6/2011. (Montero, Edher) (Entered: 07/12/2011) |
| 06/14/2011 | 90 | ORDER. SEE ATTACHED ORDER for directives issued to Plaintiff's counsel. Ordered by Magistrate Judge A. Kathleen Tomlinson on 6/14/2011. (Reifman, Marli) (Entered: 06/14/2011) |
| 06/16/2011 | 91 | Letter from plaintiff to Judge Tomlinson dated 6/16/11. (Montero, Edher) (Entered: 06/16/2011) |
| 06/16/2011 | 92 | CERTIFICATE OF SERVICE by Renata Marska (Hollander, Jacqueline) (Entered: 06/16/2011) |
| 06/21/2011 | 93 | Letter dated 6/20/2011 to Judge Tomlinson from plaintiff Renata Marska RE: certified documents plaintiff is required to submit. Ms Marski states that she spoke to her counsel in Poland and he advised her that he was able to obtain the documents and had mailed them to her via express mail on 6/20/2011. It is estimated that it will take approximately a week to receive said documents. Ms. Marska will forward the documents to Ms Hollander and notify your Honor when she receives the documents. (Ryan, Mary) (Entered: 06/21/2011) |
| 06/27/2011 | 94 | Letter from plaintiff dated 6/27/11–re: Polish documents. (Montero, Edher) (Entered: 06/27/2011) |
| 06/30/2011 | 95 | Minute Entry for proceedings held before Magistrate Judge A. Kathleen Tomlinson:Telephone Conference held on 6/30/2011. SEE ATTACHED ORDER for a summary of today's telephone conference. Attorney Hollander is directed to serve a copy of the attached Order on her client forthwith and to file proof of service on ECF. (Reifman, Marli) (Entered: 06/30/2011) |
| 07/05/2011 | 96 | Minute Entry for proceedings held before Magistrate Judge A. Kathleen Tomlinson: Telephone Conference held on 7/5/2011. SCHEDULING: The next conference will be held by telephone on July 8, 2011 at 10:30 a.m. Attorney Hollander and Attorney Mehary, along with Plaintiff Renata Marska, are required to participate in the July 8 telephone conference. A summary of the matters discussed at today's conference are set forth in the ATTACHED ORDER. Ordered by Judge A. Kathleen Tomlinson on 7/5/11. (Tomlinson, A.) (Entered: 07/05/2011) |
| 07/08/2011 | 97 | Minute Entry for proceedings held before Magistrate Judge A. Kathleen Tomlinson:Telephone Conference held on 7/8/2011. SCHEDULING: The next conference will be held by telephone on August 5, 2011. ATTORNEY HOLLANDER IS HEREBY ORDERED to provide this Court with a response by July 12, 2011 why she failed to comply with this Courts Order to participate in today's conference. As a courtesy to the Court, Attorney Mehary is requested to |

|  |  | forward a copy of the attached Order to plaintiff Renata Marska as soon as possible. SEE ATTACHED ORDER. (Reifman, Marli) (Entered: 07/08/2011) |
|---|---|---|
| 07/12/2011 | 99 | Letter *by Plaintiff Attorney* by Renata Marska (Hollander, Jacqueline) Modified on 7/13/2011 to renumber doc. number. (Mahon, Cinthia) (Entered: 07/12/2011) |
| 07/13/2011 |  | Incorrect Case/Document/Entry Information. Pursuant to the instructions of Marli Reifman, Law Clerk to Mag. Judge Tomlinson, the #99 document filed as a Stipulation of Dismissal, Suggestion of Bankruptcy, Suggestion of Death and Administrative Transcript (Social Security Appeal) has been deleted. The pdf file attached to this document is a letter which is the same document filed as doc. #100. Doc. #100 has been renumbered to be doc. #99. The NEF will be regenerated. (Mahon, Cinthia) (Entered: 07/13/2011) |
| 07/13/2011 |  | ORDER re 99 Letter filed by Renata Marska. The Court has received the letter of Plaintiff's counsel, Jacqueline Hollander, regarding her non−appearance at the July 9 conference. Despite Ms. Hollander's "lessened involvement" in the case, she remains counsel of record and the Court expects Ms. Hollander to abide by her professional obligations. Ordered by Magistrate Judge A. Kathleen Tomlinson on 7/13/2011. (Reifman, Marli) (Entered: 07/13/2011) |
| 07/25/2011 | 100 | Letter dated 7/25/11 from plaintiff to Judge Tomlinson enclosing translated and certified document. (Montero, Edher) (Entered: 08/02/2011) |
| 08/01/2011 | 101 | Letter dtd. 8/1/11 to Judge Tomlinson enclosing the second document requested translated and certified. (Montero, Edher) (Entered: 08/02/2011) |
| 08/05/2011 | 102 | Minute Entry for proceedings held before Magistrate Judge A. Kathleen Tomlinson:Telephone Conference held on 8/5/2011. SEE ATTACHED ORDER for a summary of today's conference. (Reifman, Marli) (Entered: 08/05/2011) |
| 08/09/2011 | 103 | Letter by Hospital Receivables Systems, Inc. (Mehary, Michael) (Entered: 08/09/2011) |
| 09/19/2011 | 104 | Letter by Renata Marska (Hollander, Jacqueline) (Entered: 09/19/2011) |
| 11/07/2011 |  | Judge William F. Kuntz, II added. Judge Roslynn R. Mauskopf no longer assigned to case. (Gapinski, Michele) (Entered: 11/07/2011) |
| 12/06/2011 |  | SCHEDULING ORDER: The Court has scheduled a Pre−Motion conference in the above−captioned action for Wednesday, December 14, 2011 at 9:30 A.M. in Courtroom 6H North, before the Honorable William F. Kuntz, II. Ordered by Judge William F. Kuntz, II, on December 6, 2011. (Jackson, Andrew) (Entered: 12/06/2011) |
| 12/12/2011 |  | ORDER granting 88 Motion for Pre−Motion Conference. In accordance with the court's SCHEDULING ORDER dated December 6, 2011, the defendants' Motion for a Pre−Motion Conference is granted. The Pre−Motion Conference is scheduled for Wednesday, December 14, 2011 at 9:30 a.m.. Ordered by Judge William F. Kuntz, II on December 12, 2011. (Rowe, David) (Entered: 12/12/2011) |
| 12/14/2011 |  | Minute Entry for proceedings held before Judge William F. Kuntz, II: Pre Motion Conference held on 12/14/2011. Jacquline Hollander, Esq. appeared on behalf of the plaintiff and Michael Mehary, Esq. appeared on behalf of the defendant. Joshua Ketover, Esq. did not appear for the scheduled conference. The Court has granted defendants motion to file a Motion to Dismiss the plaintiffs complaint based upon the statue of limitations. The Court has ordered the following briefing schedule: Counsel for the Defendant shall file its Motion to Dismiss seeking to dismiss the complaint on or before January 24, 2012; Counsel for The Plaintiff shall file its responsive Memorandum of Law on or before February 21, 2012; Counsel for the Defendant shall file its reply papers on or before March 13, 2012. (Court Reporter Holly Driscoll.) (Jackson, Andrew) (Entered: 01/08/2012) |
| 01/23/2012 | 105 | MOTION for Summary Judgment by Hospital Receivables Systems, Inc.. Responses due by 2/21/2012 (Attachments: # 1 Notice of Motion Attorney Affidavit, # 2 Memorandum in Support) (Mehary, Michael) (Entered: 01/23/2012) |

| 01/23/2012 | 106 | MOTION for Summary Judgment *as against the Plaintiff* by Dorota Kalicki, Mieczyslaw Kalicki. Responses due by 2/21/2012 (Ketover, Joshua) (Entered: 01/23/2012) |
| 03/01/2012 | 107 | MOTION for Extension of Time to File Response/Reply *to Motion for Summary Judgment* by Renata Marska. (Hollander, Jacqueline) (Entered: 03/01/2012) |
| 03/01/2012 | 108 | NOTICE of Change of Address by Jacqueline Kate Hollander (Hollander, Jacqueline) (Entered: 03/01/2012) |
| 03/01/2012 | 109 | Letter by Hospital Receivables Systems, Inc. (Mehary, Michael) (Entered: 03/01/2012) |
| 03/01/2012 | 110 | ORDER denying 107 Motion for Extension of Time to File Response/Reply So Ordered by Judge William F. Kuntz, II on 03/01/2012. (Kuntz, William) (Entered: 03/01/2012) |
| 03/07/2012 | 111 | Letter by Renata Marska (Hollander, Jacqueline) (Entered: 03/07/2012) |
| 03/07/2012 | 112 | Letter *refile* by Renata Marska (Hollander, Jacqueline) (Entered: 03/07/2012) |
| 03/07/2012 | | ORDER re 112 Letter filed by Renata Marska. If the parties wish to file a Proposed Joint Stipulation and Order regarding Plaintiff's request for an extension of time to file her opposition papers, they shall submit it on ECF and the Court will consider it. Ordered by Judge William F. Kuntz, II on 3/7/2012. (Rowe, David) (Entered: 03/07/2012) |
| 03/13/2012 | 113 | Letter by Renata Marska (Hollander, Jacqueline) (Entered: 03/13/2012) |
| 03/14/2012 | 114 | Letter by Hospital Receivables Systems, Inc. (Mehary, Michael) (Entered: 03/14/2012) |
| 03/16/2012 | 115 | Letter by Renata Marska (Hollander, Jacqueline) (Entered: 03/16/2012) |
| 03/21/2012 | 116 | MEMORANDUM AND ORDER: The motion for summary judgment by Defendants is denied without prejudice. Defendants failed to file the requisite Rule 56.1 statement. Further, Defendants' five-page memorandum of law fails to cite any record evidence. Because Defendants failed to follow local rules and submitted woefully inadequate motion papers, the motion for summary judgment fails. Ordered by Judge William F. Kuntz, II on 3/20/2012. (Brucella, Michelle) (Entered: 03/21/2012) |
| 03/21/2012 | 117 | ORDER: The Court grants the motion to withdraw as counsel, filed by Jacqueline Hollander, Esq., docket entry 87 . Ordered by Judge William F. Kuntz, II on 3/20/2012. (Brucella, Michelle) (Entered: 03/21/2012) |
| 03/28/2012 | 118 | Letter dated 3/27/12 from Jill Hanekamp to Renata Marska, informing plttf that it is her obligation to keep the Court informed in writing re: her current mailing address. (Galeano, Sonia) (Entered: 03/28/2012) |
| 04/30/2012 | 119 | Letter dated 4/23/12 from Renata Marska to Judge Kuntz, requesting guidance on how to proceed in this case. (Brucella, Michelle) (Entered: 05/02/2012) |
| 05/02/2012 | | (Court only) ***Staff notes: Plaintiff's address and phone number have been added to the docket sheet. (Brucella, Michelle) (Entered: 05/02/2012) |
| 05/02/2012 | | ORDER re 119 Letter: The Court hereby grants Plaintiff Renata Marska five weeks to obtain new counsel in the above-captioned matter. The Pro Se office is directed to mail a copy of this Order to Plaintiff. So ordered by Judge William F. Kuntz, II on 5/2/2012. (Rowe, David) (Entered: 05/02/2012) |
| 05/03/2012 | | (Court only) ***Copy of Documents Mailed: Docket Sheet reflecting Order dated 5/2/12 sent to plaintiff Renata Marska. (Brucella, Michelle) (Entered: 05/03/2012) |
| 12/21/2012 | 120 | Letter MOTION for pre motion conference by Hospital Receivables Systems, Inc.. (Mehary, Michael) (Entered: 12/21/2012) |
| 01/02/2013 | | ORDER granting 120 Motion for Pre Motion Conference. The Court has scheduled a pre-motion conference in the above-titled case for Friday, February 15, 2013 at 11:30 a.m. in Courtroom 6H North, before the Honorable William F. Kuntz, II. |

| | | |
|---|---|---|
| | | Ordered by Judge William F. Kuntz, II on 1/2/2013. (Patel, Anar) (Entered: 01/02/2013) |
| 02/15/2013 | | Minute Entry for proceedings held before Judge William F. Kuntz, II: Pre Motion Conference held on 2/15/2013. Appearances: The Pro Se Plaintiff, Renata Marska, was present for the conference. Joshua Ketover, Esq., and Michael Mehary, Esq., appeared on behalf the Defendants. The Court granted the Defendants' application to make the Motion for Summary Judgment. The Court ordered the following briefing schedule: Defendant shall serve the Motion on or before Friday, April 19, 2013; Plaintiff shall serve the response on or before Friday, June 21, 2013; and Defendant shall serve the reply on or before Friday, July 26, 2013. Once the motion is fully briefed, the original moving party shall be responsible for immediately filing all motion papers on ECF no later than 5:00 P.M. on July 26, 2013. Defense counsel shall also mail a courtesy copy of the fully briefed motion to the attention of Mr. Andrew Jackson. Discovery is not stayed. (Court Reporter Mary Agnes Drury.) (Jackson, Andrew) (Entered: 02/21/2013) |
| 02/20/2013 | 121 | Letter dated 131/13 from Renata Marska to Judge Kuntz, II in response to Deft's letters dated 12/4/12 and 12/21/12. Pltff request that the Court deny Deft's request to refile its motion for summary judgment and deny Deft's request to take pltff's further deposition. Pltff advises the Court that she is ready for a pre−trial conference in order to discuss the pre−trial order and set a trial date. (Galeano, Sonia) (Entered: 02/20/2013) |
| 04/19/2013 | 122 | Letter *Summary Judgment cover letter* by Hospital Receivables Systems, Inc. (Mehary, Michael) (Entered: 04/19/2013) |
| 04/19/2013 | 123 | Letter *Summary Judgment Cover Letter* by Dorota Kalicki, Mieczyslaw Kalicki (Ketover, Joshua) (Entered: 04/19/2013) |
| 04/22/2013 | 124 | Letter *Correcting Cover Letter to Pro Se Plaintiff re: Summary Judgment Motion* by Dorota Kalicki, Mieczyslaw Kalicki (Ketover, Joshua) (Entered: 04/22/2013) |
| 04/22/2013 | 125 | Letter *Correcting Cover Letter to Pro Se Plaintiff re: Summary Judgment* by Dorota Kalicki, Mieczyslaw Kalicki (Ketover, Joshua) (Entered: 04/22/2013) |
| 06/20/2013 | 126 | Letter MOTION for Extension of Time to File Response/Reply *, 14 days, to defendants' motion for summary judgent* by Renata Marska. (Talbott, Thomas) (Entered: 06/20/2013) |
| 06/20/2013 | | ORDER granting 126 Motion for Extension of Time to File Response/Reply. Plaintiff's response shall be due on or before July 5, 2013. Defendant's reply shall be due on or before August 9, 2013. So Ordered by Judge William F. Kuntz, II on 6/20/2013. (Ouoba, Alysson) (Entered: 06/20/2013) |
| 06/20/2013 | | (Court only) *** A certified copy of the Court's 6/20/2013 Electronic Order sent to *pro se* Renata Marska, 5 Highland View Drive, Bayville, NY 11709 − via first class mail. (Latka−Mucha, Wieslawa) (Entered: 06/20/2013) |
| 08/08/2013 | 127 | Letter by Hospital Receivables Systems, Inc. (Mehary, Michael) (Entered: 08/08/2013) |
| 08/08/2013 | 128 | NOTICE by Hospital Receivables Systems, Inc. re 127 Letter *Joint Notice to Pro Se Litigant* (Mehary, Michael) (Entered: 08/08/2013) |
| 08/08/2013 | 129 | MOTION for Summary Judgment by Hospital Receivables Systems, Inc.. Responses due by 8/9/2013 (Mehary, Michael) (Entered: 08/08/2013) |
| 08/08/2013 | 130 | MOTION for Summary Judgment *Affidavit by Michael G. Mehary* by Hospital Receivables Systems, Inc.. Responses due by 8/9/2013 (Mehary, Michael) (Entered: 08/08/2013) |
| 08/08/2013 | 131 | MOTION for Summary Judgment by Hospital Receivables Systems, Inc.. Responses due by 8/9/2013 (Attachments: # 1 Rule 56.1 Statement) (Mehary, Michael) (Entered: 08/08/2013) |
| 08/08/2013 | 132 | MOTION for Summary Judgment *Memorandum of Law* by Hospital Receivables Systems, Inc.. Responses due by 8/9/2013 (Mehary, Michael) (Entered: 08/08/2013) |

| 08/08/2013 | 133 | *SEALED* AFFIDAVIT/AFFIRMATION by Dorota Kalicki, Letter by Dorota Kalicki (Mehary, Michael) (Entered: 08/08/2013) |
|---|---|---|
| 08/08/2013 | 134 | Letter *Cover Letter of Joshua Ketover* by Dorota Kalicki, Mieczyslaw Kalicki (Mehary, Michael) (Entered: 08/08/2013) |
| 08/08/2013 | 135 | MOTION for Summary Judgment by Dorota Kalicki, Mieczyslaw Kalicki. Responses due by 8/9/2013 (Attachments: # 1 Affidavit in Support, # 2 Memorandum in Support) (Mehary, Michael) (Entered: 08/08/2013) |
| 08/08/2013 | 136 | RESPONSE to Motion re 135 MOTION for Summary Judgment , 132 MOTION for Summary Judgment *Memorandum of Law*, 129 MOTION for Summary Judgment , 131 MOTION for Summary Judgment , 130 MOTION for Summary Judgment *Affidavit by Michael G. Mehary* filed by Renata Marska. (Attachments: # 1 Affidavit in Opposition, # 2 Rule 56.1 Statement, # 3 Memorandum in Opposition) (Mehary, Michael) (Entered: 08/08/2013) |
| 08/08/2013 | 137 | REPLY in Support re 135 MOTION for Summary Judgment , 132 MOTION for Summary Judgment *Memorandum of Law*, 129 MOTION for Summary Judgment , 131 MOTION for Summary Judgment , 130 MOTION for Summary Judgment *Affidavit by Michael G. Mehary Affidavit of Michael G. Mehary* filed by Hospital Receivables Systems, Inc., Dorota Kalicki, Mieczyslaw Kalicki. (Mehary, Michael) (Entered: 08/08/2013) |
| 08/08/2013 | 138 | REPLY in Support re 135 MOTION for Summary Judgment , 132 MOTION for Summary Judgment *Memorandum of Law*, 129 MOTION for Summary Judgment , 131 MOTION for Summary Judgment , 130 MOTION for Summary Judgment *Affidavit by Michael G. Mehary Joint Memo in Support and Aff of Ketover* filed by Hospital Receivables Systems, Inc., Dorota Kalicki, Mieczyslaw Kalicki. (Attachments: # 1 Memorandum in Support) (Mehary, Michael) (Entered: 08/08/2013) |
| 08/08/2013 | 139 | Letter *Cover letter to Judge with courtesy copy of Motion Papers* by Hospital Receivables Systems, Inc. (Mehary, Michael) (Entered: 08/08/2013) |
| 08/09/2013 |  | Motions terminated, docketed incorrectly: 132 MOTION for Summary Judgment *Memorandum of Law* filed by Hospital Receivables Systems, Inc., 130 MOTION for Summary Judgment *Affidavit by Michael G. Mehary* filed by Hospital Receivables Systems, Inc., 131 MOTION for Summary Judgment filed by Hospital Receivables Systems, Inc. [These are not motions, but documents in support of the pending motion. In the future, please select these documents under the "Responses and Replies" category. Do not re–file.] (Brucella, Michelle) (Entered: 08/09/2013) |
| 12/18/2013 | 140 | Letter by Hospital Receivables Systems, Inc. (Mehary, Michael) (Entered: 12/18/2013) |
| 12/18/2013 |  | ORDER DISMISSING CASE. The Motion by Defendants to dismiss the complaint in this action is granted. So Ordered by Judge William F. Kuntz, II on 12/18/2013. (Kuntz, William) (Entered: 12/18/2013) |
| 01/08/2014 | 141 | CLERK'S JUDGMENT: Ordered and Adjudged that Defendants' motion to dismiss the complaint is granted. Ordered by Clerk of Court on 1/8/2014. (Brucella, Michelle) (Entered: 01/08/2014) |
| 01/09/2014 | 142 | AMENDED CLERK'S JUDGMENT: Ordered and Adjudged that Defendants' motion to dismiss the complaint is granted. Ordered by Clerk of Court on 1/9/2014. (Brucella, Michelle) (Entered: 01/09/2014) |
| 01/09/2014 | 143 | NOTICE by Hospital Receivables Systems, Inc. *Amended Judgment with notice of entry* (Mehary, Michael) (Entered: 01/09/2014) |
| 01/27/2014 | 144 | Letter dated 1/21/14 from Plaintiff to Judge Kuntz II re: Notice of Appeal and "Request that Court provide an explanation as to how the Court reached its decision" (McGee, Mary Ann) (Entered: 01/29/2014) |
| 01/27/2014 | 145 | NOTICE OF APPEAL as to 142 Clerk's Amended Judgment by Renata Marska. No fee paid. $505.00 due. Service done electronically. (McGee, Mary Ann) (Entered: 01/29/2014) |

| 01/27/2014 | | APPEAL FILING FEE DUE re 145 Notice of Appeal Please either come to the clerks office or mail the filing fee in the amount of $505.00. (McGee, Mary Ann) (Entered: 01/29/2014) |
|---|---|---|
| 01/29/2014 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 145 Notice of Appeal Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 01/29/2014) |
| 02/11/2014 | 146 | USCA Appeal Fees received $ 505.00 receipt number 4653070057 re 145 Notice of Appeal filed by Renata Marska. Date of transaction 2/10/14 (McGee, Mary Ann) (Entered: 02/11/2014) |
| 02/11/2014 | | First Supplemental Electronic Index to Record on Appeal sent to US Court of Appeals. 145 Notice of Appeal 146 Fee. (McGee, Mary Ann) (Entered: 02/11/2014) |